# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 03-1537

STATE OF LOUISIANA

VERSUS

CORDELL KENDRICK WILLIAMS

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 02-314
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Billie Colombaro Woodard, and Marc T. Amy, Judges.

**AFFIRMED.**

Honorable J. Phillip Haney
District Attorney
Renee M. Louviere
Assistant District Attorney
St. Mary Parish Courthouse, 5th Floor
Franklin, LA   70538
(337) 828-4100
COUNSEL FOR APPELLEE:
        State of Louisiana

Kenota Pulliam Johnson
Louisiana Appellate Project
Post Office Box 5781
Shreveport, LA   71135
(318) 524-1024
COUNSEL FOR DEFENDANT/APPELLANT:
        Cordell Kendrick Williams

Cordell Kendrick Williams
Louisiana State Prison
Main prison - Hickory 3
Angola, LA   70712

AMY, Judge.

The defendant was charged with second-degree murder and, pursuant to a plea agreement with the State, ultimately pled guilty to the lesser charge of manslaughter. A sentence of forty years at hard labor was imposed, with credit for time served. The defendant appeals. For the following reasons, we affirm.

## Factual and Procedural Background

On February 22, 2002, an Iberia Parish grand jury issued an indictment charging the defendant, Cordell Kendrick Williams, with second degree murder, a violation of La.R.S. 14:30.1. On May 2, 2003, pursuant to a plea bargain, the defendant pled guilty to manslaughter, a violation of La.R.S. 14:31. According to the factual basis presented by the State at the plea hearing, the events giving rise to the charge occurred on December 12, 2001, in front of Bunk Johnson Park in New Iberia. The State indicated that the defendant and the victim, Korey Decuir, were involved in an ongoing dispute, and, on this particular date, the two became involved in a confrontation. According to the State, the defendant produced a twelve-gauge shotgun and shot Mr. Decuir at point-blank range. Mr. Decuir subsequently died of his injuries. On November 7, 2003, the trial judge sentenced the defendant to a term of forty years at hard labor, with credit for time served, and without benefit of probation, parole, or suspension of sentence.

The defendant was granted an appeal. Appellate counsel for the defendant asserts two assignments of error:

1. The sentence imposed was cruel, unusual, and excessive; and

2. The trial court failed to comply with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1.

The defendant lists two additional assignments of error in his pro-se brief on appeal:

1. Trial counsel rendered ineffective assistance in failing to object to the trial court's reliance on evidence not presented to the court as a factor in justifying the sentence imposed and in failing to object as to excessiveness of sentence and in failing to file a motion to reconsider; and

2. The trial court erred in imposing excessive sentence and in failing to comply with the sentencing guidelines in La.Code Crim.P. art. 894.1 and without benefit of a pre-sentence investigation.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. We find no such errors.

*Excessive Sentence and Failure to Comply with La.Code Crim.P. art. 894.1*

Appellate counsel for the defendant contends that the trial court erred in imposing an excessive sentence upon the defendant and in failing to adequately comply with the sentencing guidelines listed in La.Code Crim.P. art. 894.1. Similarly, in his pro-se brief, the defendant asserts that his sentence is excessive, that the trial court failed to adequately comply with La.Code Crim.P. art. 894.1, and that the trial court failed to order a pre-sentence investigation.

The defendant pled guilty to manslaughter, which, on the facts of the instant matter, is defined in La.R.S. 14:31(A)(1) as:

> A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed [.]

A defendant convicted of manslaughter may be sentenced to a maximum term of forty years' imprisonment at hard labor. La.R.S. 14:31(B).

2

The record reflects that the defendant filed a motion to reconsider sentence in accordance with La.Code Crim.P. art. 881.1. Pursuant to this article, a defendant must file a motion to reconsider setting forth the particular grounds upon which the motion is based in order to raise excessiveness claims on appeal. *State v. Mims*, 619 So.2d 1059 (La.1993). However, it is well settled that

> in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness.

*Id.* at 1059-60. In this motion, the defendant merely asserted that he was a first-time felony offender and requested that the trial judge reconsider the sentence imposed. Because the defendant did not list any particular grounds as the basis for this argument, pursuant to *Mims*, we review this claim only as a "bare claim of excessiveness." *Id*.

Louisiana Constitution Article 1, § 20 expressly prohibits the imposition of "cruel, excessive, or unusual punishment." *State v. Delgado*, 03-46, p. 2 (La.App. 3 Cir. 4/30/03), 845 So.2d 581, 582. A sentence is unconstitutionally excessive if it is so greatly disproportionate to the seriousness of the offense so as to shock one's sense of justice, or if it provides no appreciable contribution to acceptable penal objectives and, consequently, is nothing more than the unnecessary imposition of pain and suffering. *State v. Day*, 02-1039 (La.App. 3 Cir. 2/5/03), 838 So.2d 74. In its opinion in *State v. Smith*, 01-2574, pp. 6-7 (La. 1/14/03), 839 So.2d 1, 4, the Louisiana Supreme Court noted that an appellate court is to review an excessive-sentence claim in accordance with the following standard:

3

A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. *State v. Cann*, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. *State v. Walker*, 00-3200, p. 2 (La. 10/12/01), 799 So.2d 461, 462; *cf. State v. Phillips*, 02-0737, p. 1 (La. 11/15/02), 831 So.2d 905, 906.

In addition to the above considerations that factor into a defendant's sentence, in *State v. Williams*, 02-707, pp. 8-9 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1101, a panel of this court discussed the impact of a plea bargain upon the sentencing process, stating that:

> The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. *State v. Lanclos*, 419 So.2d 475 (La.1982). The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment. *State v. Robinson*, 33,921 (La.App. 2 Cir. 11/1/00); 770 So.2d 868; *State v. Waguespack*, 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied*, 596 So.2d 209 (La.1992).

In sentencing the defendant to a term of forty years' imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence, the trial court observed:

> So the court's going to consider at this time what has already been put in evidence and the facts of the case.
> The court also considers the following:
> There is an undue risk that during the period of any suspended sentence or probation that the defendant could commit another crime, because he has committed a crime which took the life of another person.
> The defendant is in need of correctional treatment or a custodial environment, which means imprisonment, that can be provided most effectively by his commission [sic] to an institution.
> And more particularly, a lesser sentence than the court gives would deprecate the seriousness of this crime because a life has been taken.
> The offender's conduct during the commission of the offense manifested deliberate cruelty to the victim.

The offender knew or should have known that the victim of the offense was going to lose his life as a result of the action which the defendant took.

And of course Mr. Williams used deadly force or violence in the commission of this crime.

The court also considers the fact that Mr. Williams has also had the benefit of a plea bargain. He was initially charged with second degree murder which bears a sentence of life imprisonment.

At the request of Mr. Decuir's family, the charges were lowered or reduced to manslaughter so that he would – that Mr. Williams would not have to spend life in prison. So he's already received the benefit of that plea bargain because he is no longer subject to life imprisonment. The maximum sentence he could receive is 40 years at hard labor.

And of course one wonders about what is the good of putting Mr. Williams in jail because it cannot – we cannot bring back by putting him in jail the life of Mr. Decuir [sic]. However, we have a society of laws and we all have to try to live by the law. If we don't live by the law, then many of us would be dead every time somebody gets angry with us. So we have to have laws and we have to enforce those laws. And I find that it's necessary, because of the severity of this crime and the fact that a person's life has been taken, that Mr. Williams receive a substantial sentence.

So, Mr. Williams, it's the sentence of this court that you serve 40 years at hard labor. I give you credit for time served. This sentence will be without benefit of probation or suspension of sentence for not less than ten – I'm sorry – without the benefit of probation or suspension of sentence.

We find that in imposing sentence in the instant matter on appeal, the trial judge appropriately considered the benefit that inured to the defendant by way of the plea agreement. Accordingly, we find no manifest abuse of discretion on the part of the trial judge in sentencing the defendant to a term of forty years' imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence. Moreover, although the defendant claims in his second pro-se assignment of error that no pre-sentence investigation was ordered, the record indicates that such a report was, indeed, ordered, and that it was examined by the trial judge before sentence was imposed. This assignment is without merit.

*Ineffective Assistance of Counsel*

5

In his first pro-se assignment of error on appeal, the defendant asserts that his trial counsel rendered ineffective assistance for three reasons. First, the defendant contends that trial counsel was ineffective in failing to object to the trial judge's reliance upon evidence of the defendant's prior criminal record in stating that there was an undue risk that the defendant could commit another crime during a period of a suspended or probated sentence. The defendant's second assertion is that trial counsel was ineffective in failing to object to the trial court's statement at sentencing that on the date of the offense at issue, the defendant left the scene, obtained a gun, and returned to the scene to shoot the victim. Finally, the defendant argues that trial counsel was ineffective in failing to object as to the excessiveness of the sentence imposed and in failing to file a motion to reconsider sentence in order to preserve the issue for appeal.

In the defendant's first argument with respect to his ineffective-assistance claim, the defendant contends that in sentencing him, the trial judge relied upon evidence indicating that the defendant had been accused or convicted of other crimes prior to the instant manslaughter conviction, and that his trial counsel failed to object, accordingly. After a thorough examination of the record, we find no reference to the trial judge's reliance upon other crimes in imposing sentence. The record does, however, reflect that before pronouncing sentence, the trial judge stated, "I also file in the record the criminal history, which shows that this is a first felony offense by the defendant." The trial judge did not state that the basis for the defendant's sentence was his prior criminal record. This argument has no factual basis in the record and lacks merit.

The defendant's next argument with respect to his ineffective-assistance claim concerns trial counsel's failure to object to the trial judge's statement that the

6

defendant left the scene, obtained a gun, and returned to the scene, whereupon he shot the victim. Because the defendant pled guilty to manslaughter pursuant to a plea agreement with the State, there was no trial in this matter; accordingly, all pertinent facts were gleaned from police reports, which were entered into the record at sentencing. These documents, in turn, indicate that the sole witness to come forward in the matter reported that the defendant procured the gun at some point before the shooting. According to the police reports and to the witness's statement, the defendant obtained the shotgun, drove to a local lounge, and then became involved in the altercation with the victim. The defendant, on the other hand, gave a statement to police in which he claimed that someone—he was uncertain as to this person's identity—handed him the shotgun during the altercation, and he, the defendant, then shot the victim. The record reflects that in imposing sentence, the trial judge relied upon those facts present in evidence. The record further reflects that the manner in which the defendant obtained the shotgun did not affect his sentence. In addition, the defendant has not indicated how he was prejudiced by the information pertaining to the shotgun. This argument is without merit.

The defendant's final contention in his ineffective-assistance claim addresses trial counsel's failure to object as to the excessiveness of the sentence imposed and failure to file a motion to reconsider sentence so as to preserve the issue for appeal. The record indicates that the defendant's trial counsel filed a motion to reconsider sentence on December 6, 2002, and that this motion was denied on December 9, 2002. Moreover, appellate counsel argued that the defendant's sentence was excessive in the first assignment of error herein. This argument has no factual basis and lacks merit.

**DECREE**

7

For the foregoing reasons, the sentence of the defendant, Cordell Kendrick Williams, is affirmed.

**AFFIRMED.**