NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-26


STATE OF LOUISIANA

VERSUS

TERRY JULIUS DOMINGUE


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR85452
HONORABLE HERMAN CLAUSE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and J. David Painter, Judges.

AFFIRMED AND REMANDED
WITH INSTRUCTIONS.

Mark T. Garber
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502
(337) 232-5170
Counsel for Plaintiff-Appellee:
        State of Louisiana

G. Paul Marx
Attorney at Law
P. O. Box 82389
Lafayette, LA 70598
(337) 237-2537
Counsel for Defendant-Appellant:
        Terry Julius Domingue

**DECUIR, Judge.**

Defendant, Terry Julius Domingue, was indicted for first degree murder which was later amended to a charge of second degree murder, a violation of La.R.S. 14:30.1. On February 8, 2007, Defendant pled guilty to manslaughter, a violation of La.R.S. 14:31. He was sentenced to forty years imprisonment at hard labor. Defendant did not file a motion to reconsider the sentence. On September 11, 2008, Defendant was granted an out-of-time appeal.

Defendant appeals the sentence of forty years, asserting the maximum sentence is constitutionally excessive under the circumstance of his case. For the following reasons, this court affirms the maximum sentence imposed for the conviction of manslaughter.

The record reveals the following facts. On November 10, 1999, Defendant, looking for something to steal so he could purchase crack cocaine, went to the house of a neighbor, Morey Winston, and with a tire iron smashed the window of the victim's car. The victim came out of his house and approached Defendant. Defendant hit him over the head with the tire iron several times. The victim died as a result of the injuries.

## ASSIGNMENT OF ERROR

Defendant argues that the trial court did not take into consideration that he has become a changed man since incarceration and that the act of bludgeoning the victim to death was caused by his addition to crack cocaine.

Defendant did not file a motion to reconsider the sentence. Absent a timely motion for reconsideration, this court is precluded from a review of the sentence on appeal. La.Code Crim.P. art. 881.1; *State v. Joubert*, 97-1093 (La.App. 3 Cir. 2/4/98), 705 So.2d 1295, *writ denied*, 98-1525 (La. 10/30/98), 723 So.2d 973.

Nevertheless, in the interest of judicial economy, we will conduct a bare bones review of the excessiveness of the sentence.

Defendant pled guilty to manslaughter, which is punishable by not more than forty years imprisonment. La.R.S. 14:31(B). He was sentenced to the maximum of forty years.

In *State v. Walker*, 96-112, pp. 3-4 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 534-35, *writ denied,* 96-1767 (La. 12/06/96), 684 So.2d 924, this court held:

> Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. *State v. Sepulvado,* 367 So.2d 762 (La.1979); *State v. Naquin*, 527 So.2d 601 (La.App. 3 Cir. 1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981); *State v. Everett,* 530 So.2d 615 (La.App. 3 Cir. 1988), *writ denied*, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Howard,* 414 So.2d 1210, 1217 (La.1982).

In *State v. Hicks*, 42,427, pp. 4-5 (La.App. 2 Cir. 10/24/07), 968 So.2d 307, 311, the second circuit addressed the imposition of a maximum sentence:

> As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Woods*, 41,420 (La.App. 2d Cir.11/1/06), 942 So.2d 658. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. This is particularly true in cases where the offense involves violence upon a victim. *State v. Black,* 28,100 (La.App. 2d Cir. 2/28/96), 669 So.2d 667, *writ denied,* 96-0836 (La. 9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, the sentence imposed should not be set aside as excessive. *State v. Williams,* 2003-3514 (La.12/13/04), 893 So.2d 7.

Defendant contends that he is not "deserving of a maximum sentence in this case." He argues that since his incarceration he has been off drugs, and that his

2

"downfall was crack cocaine, and the record shows that before his downfall in 1989 and after his incarceration, the absence of the drug made a huge difference, and in fact [he] is a good person away from the drug."

Our review of the record reveals that the offense for which Defendant received the maximum punishment does not adequately describe the severity of Defendant's conduct. Defendant was originally charged with first degree murder, defined at La.R.S. 14:30(A)(1), in pertinent part, as: (1) when the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of . . . . simple robbery . . . ." By Defendant's own admission he broke the window of the victim's car with the intent to steal something from inside. When the victim came out of the house to stop him, Defendant hit him several times with a tire iron. The facts were sufficient to support a conviction for first degree murder. Accordingly, the act was punishable by either death or life imprisonment. La.R.S. 14:30(C). While the charge was later reduced to second degree murder, the facts would also support a conviction for second degree murder, an offense also punishable by life imprisonment. Defendant pled guilty to manslaughter. Manslaughter is defined in pertinent part as:

> (1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed.

La.R.S. 14:31.

The facts of this case do not support a conviction for manslaughter. However, Louisiana courts have affirmed the maximum sentence imposed for manslaughter when the accused was charged with first degree or second degree murder, but allowed

3

to plead guilty to the lesser included offense of manslaughter. *See State v. Bailey*, 07-130 (La.App. 3 Cir. 10/3/07), 968 So.2d 247; *State v. Williams*, 03-1537 (La.App. 3 Cir. 6/9/04), 875 So.2d 1043, *writ denied*, 04-1951 (La. 12/17/04), 888 So.2d 864, and *State v. Lanieu*, 98-1260 (La.App. 1 Cir. 4/1/99), 734 So.2d 89, *writ denied,* 99-1259 (La. 10/8/99), 750 So.2d 962.

At the sentencing hearing, the trial court took into consideration both Defendant's addiction and the fact that until he became involved with drugs he was a law-abiding citizen. However, Defendant was involved with drugs for several years prior to the offense at issue, and he had an extensive history of criminal activity to support his habit. We cannot say that the trial court abused its vast discretion when it sentenced Defendant to the maximum punishment, and the imposition of the sentence in this case is not such that would shock this court's sense of justice.

**ERROR PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We find the record does not indicate that the trial court properly advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Neither the minute entry of sentencing nor the transcript of sentencing indicates the trial court advised Defendant of the prescriptive period for filing post-conviction relief. While the guilty plea form signed by Defendant states in pertinent part: "I also realize that I have two years from today to file any post-conviction relief petitions," La.Code Crim.P. art. 930.8 provides that post-conviction relief must be filed no more than two years *after the judgment of conviction and sentence have become final*. Consequently, the trial court is directed to inform Defendant of the correct prescriptive period of article 930.8 by sending appropriate written notice to Defendant within ten days of the

4

rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## DECREE

The trial court is directed to inform Defendant of the correct prescriptive period of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings. The Defendant's conviction and sentence are affirmed.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.