810 So.2d 1240 (2002)
STATE of Louisiana, Appellee,
v.
Richard Allen ELLIS, Appellant.
No. 35,680-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2002.
William B. King, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Carl Ekendahl, Assistant District Attorney, for Appellee.
Before NORRIS, GASKINS and CARAWAY, JJ.
GASKINS, J.
The defendant, Richard Allen Ellis, who pled guilty to vehicular homicide, appeals as excessive his sentence of 20 years at hard labor. For the following reasons, we affirm the conviction and sentence.

FACTS
On February 23, 2000, the defendant drove a vehicle in Princeton, Louisiana, while under the influence of alcohol. He was seen swerving from side to side on the roadway. He twice struck a vehicle driven by Daniel P. Lynch. Mr. Lynch lost control of his vehicle which then overturned. Mr. Lynch was injured and his wife, Carol *1241 A. Lynch, a passenger in the vehicle, was killed. The defendant left his car at the scene and was found at his home shortly thereafter. Empty beer cans were strewn at the scene of the collision. An empty liquor bottle was found in the defendant's car. His blood alcohol level was 0.230.
The defendant was arrested and charged with one count of vehicular homicide and one count of first degree vehicular negligent injuring, as well as several other related charges. Pursuant to a plea agreement, on December 11, 2000, the defendant entered a plea of guilty to one count of vehicular homicide. In exchange for the plea, the other charges were dismissed.
The defendant appeared before the court for sentencing on June 27, 2001. He was ordered to serve 20 years at hard labor with credit for time served. The sentence was ordered to be served consecutively with any other sentence that might be imposed. The defendant filed a motion to reconsider, arguing that the trial court failed to consider extenuating circumstances which would mitigate the sentence and that the sentence imposed was excessive. The motion was denied by the trial court on July 2, 2001. The defendant appealed, arguing that the trial court erred in denying his motion to reconsider the sentence.
On appeal, the defendant asserts that the trial court did not give due consideration to matters which were presented to the court, specifically that he had "a serious head injury from an accident" which affected his memory and which should have been considered in mitigation. The defendant has not made any explanation whatsoever of how this mitigates his offenses. No argument regarding an alleged head injury was made at the sentencing hearing. Further, no evidence supporting this allegation is found in the record. We will not consider references to "evidence" which is not a part of the record on appeal. State v. Pratt, 32,302 (La. App.2d Cir.9/22/99), 748 So.2d 25.
We have reviewed the sentence imposed under the jurisprudential standards set forth in State v. Smith, 433 So.2d 688 (La.1983); State v. Lanclos, 419 So.2d 475 (La.1982); and State v. Dunn, 30,767 (La. App.2d Cir.6/24/98), 715 So.2d 641. The trial court's articulation of reasons for the sentence was more than adequate to support the sentence imposed.
Prior to imposing sentence, the trial court reviewed a presentence investigation report and considered the facts of the case. The court noted that the defendant's plea bargain secured the dismissal of charges of first degree vehicular negligent injuring, DWI (4th offense), open container, leaving the scene of an accident and reckless operation. In mitigation, the court noted that the defendant appeared to be remorseful. However, he had caused a substantial monetary and personal loss to the surviving victim. In aggravation, it was noted that the defendant had adult convictions for DWI in 1985, 1986 and 1990. All of the sentences imposed had involved probation; in all instances, probation was terminated unsatisfactorily. The court stated its appropriate belief that this was a serious offense. The court also observed that the defendant had continued his pattern of drinking and driving.
On this record, we do not find constitutional error. The 37 year old defendant, with a history of driving while intoxicated and operating a vehicle with a suspended license, became severely impaired due to alcohol consumption. He chose yet again to operate a motor vehicle. By doing so, he created a risk of death or great bodily harm to his fellow motorists. He now has committed the ultimate DWI offense. The defendant's actions resulted in the horrific death by decapitation of one completely *1242 innocent victim as well as the serious physical injury of another. Due to the defendant's prior failure to modify his behavior and his inability to complete even one period of probation successfully, it is apparent that the defendant's conduct was a result of circumstances likely to recur. He is a menace to society from whom the public must be protected.
The sentence imposed is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. There is no showing of an abuse of the trial court's discretion. Therefore, the sentence is not constitutionally excessive and the court did not err in denying the motion for reconsideration. The assigned error is without merit.

CONCLUSION
For the reasons stated above, the conviction and sentence of the defendant, Richard Allen Ellis, are affirmed.
AFFIRMED.