999 So.2d 126 (2008)
STATE of Louisiana, Appellee,
v.
Bertha JOHNSON, Appellant.
No. 43,719-KA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
*127 Louisiana Appellate Project, by G. Paul Marx, for Appellant.
Jerry L. Jones, District Attorney, George Daniel Ross, Assistant District Attorney, for Appellee.
Before DREW, MOORE and LOLLEY, JJ.
DREW, J.
Bertha Johnson entered a guilty plea to the offense of vehicular homicide, La. R.S. 14:32.1 (Count 1), and first degree vehicular negligent injuring, La. R.S. 14:39.2(1) (Count 2). As to Count 1, she was sentenced to serve 15 years at hard labor, the first 5 years to be served without benefit of probation, parole, or suspension of sentence. As to Count 2, the defendant was sentenced to serve 5 years at hard labor with credit for time served to run consecutively with Count 1. The defendant now appeals the sentence. We affirm.

FACTS
On June 24, 2006, Johnson was traveling southbound on La. Highway 15 in Ouachita Parish. As she approached an intersection, the defendant made an improper left turn onto another street and crashed into the victims, Thomas Jones and his wife, Mary Jones, who were riding a motorcycle traveling northbound on the highway. Mary Jones was ejected from the motorcycle and later died from her injuries. Thomas Jones was thrown from the motorcycle and landed on the ground after first hitting the windshields of both the defendant's vehicle and a nearby vehicle. He suffered severe injuries including: broken bones, permanent damage to his legs, testicles being pushed out of his scrotum, and numbness of his right foot.
After the crash, the defendant remained at the scene until police arrived. When a police officer arrived and interviewed her, he smelled alcohol on her breath, causing him to administer a field sobriety test, which she failed.
The officer arrested the defendant and took her to the police station, where she was subjected to a more intensive sobriety test. The defendant's blood alcohol content was .285 grams percentage of alcohol, over three times the legal limit. She had no driver's license, and the car she was driving had no insurance.
The defendant was ultimately arrested and charged with one count of Vehicular Homicide, a violation of La. R.S. 14:32.1, and one count of first degree vehicular negligent injuring, a violation of La. R.S. 14:39.2(1). She entered a guilty plea to the charged offenses on May 5, 2007. There was no agreement made concerning the defendant's sentence in exchange for her guilty plea. She was sentenced as reflected above.
*128 At the sentencing hearing on November 26, 2007, the trial court provided detailed reasons for its sentence.
In mitigation, the court considered:
 the defendant's remorse;
 the lack of any felony arrests on her record;
 her excellent work history;
 her satisfactory conduct as an inmate;
 she was raised without a mother;
 she was a single mother with an adult child;
 she obtained a high school diploma; and
 she pled guilty, sparing the victim and family members from a trial.
In aggravation, the court considered:
 her blood alcohol content level being over three times the legal limit;
 her lack of a driver's license;
 her lack of liability insurance;
 her history of alcohol abuse; and
 the victim's high medical bills, which he will be unable to pay.
The court imposed the sentences consecutively because it felt that doing otherwise would diminish the injuries sustained by the victim, Thomas Jones.
The defendant filed a timely motion to reconsider sentence, which the court denied, listing these reasons:
 it considered all of the mitigating factors suggested in the motion to reconsider when imposing sentence;
 although the defendant received the maximum sentence for the first degree vehicular negligent injuring conviction, she only received a midrange sentence on the vehicular homicide conviction;
 if the defendant was eligible for parole or "good time," she could be out of prison in 5½ years.

DISCUSSION

Excessiveness
Defendant argues that the trial court should have considered the inherent dangers of riding a motorcycle as a mitigating factor, asserting that if the victims were in a car or a truck when the accident occurred, they would have suffered fewer injuries. In support of her position, the defendant asks this court to consider the case of State v. Ellis, 35,680 (La.App.2d. Cir.2/27/02), 810 So.2d 1240 (where a multiple offender, with prior DWI convictions, received a 20-year sentence for vehicular homicide).
The state argues that the sentence imposed by the court was not excessive as it was within the statutory range.
Our law on the review of sentencing for excessiveness is well settled.[1]
*129 Our law on sentencing when two offenses arise out of the same course of conduct is also clear.[2]
One would be hard-pressed to find that the trial court committed a manifest abuse of discretion in the sentencing in this case. The trial court considered in great detail the mitigating and aggravating factors outlined in La. C. Cr. P. art. 894.1, both at sentencing and then again in its ruling on the motion to reconsider sentence. The court's review of the Article 894.1 factors included analyzing the defendant's personal history, her criminal record, and her chance at rehabilitation. The court also considered the impact of the defendant's actions on the victims and their family.
The sentence imposed by the trial court was also not so grossly disproportionate that it shocks the sense of justice. The defendant received a midrange sentence for the vehicular homicide conviction, where the victim was killed, and the maximum 5-year sentence for the first degree vehicular negligent injuring conviction, where the victim suffers from debilitating, permanent injuries.
The court also provided a justification for running the sentences consecutively. Considering the facts involved in this case, the trial court did not abuse its discretion in the length of these sentences or in ordering that they be served consecutively.
*130 In accordance with La. C. Cr. P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. A review of the record reveals that the defendant's sentence for the vehicular homicide conviction is an illegally lenient sentence. The sentence for vehicular homicide outlined in La. R.S. 14:32.1(B) provides in pertinent part:
Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than five years nor more than thirty years. At least three years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the operator's blood alcohol concentration is 0.15 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.... The court shall require the offender to participate in a court-approved substance abuse program and may require the offender to participate in a court-approved driver improvement program. All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety.
(Emphasis added.)
The defendant's sentence did not include the mandatory fine and substance abuse/driver improvement program. However, this court has held that if the state does not object to the sentence and the defendant is not prejudiced in any way by the failure of the trial court to impose a mandatory fine, then remand to the trial court is not necessary. State v. Griffin, 41,946 (La.App.2d Cir.5/2/07), 956 So.2d 199; State v. Price, 31,368 (La.App.2d Cir.10/28/98), 721 So.2d 511.

DECREE
The convictions and sentences are AFFIRMED.
NOTES
[1] The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, XXXX-XXXX (La. 12/13/04), 893 So.2d 7; State v. Thompson, XXXX-XXXX (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App.2d Cir. 1/26/05), 892 So.2d 710. A trial judge has broad sentencing discretion because he or she is in the best position to consider the aggravating and mitigating circumstances of a particular case. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, XXXX-XXXX (La.3/28/08), 978 So.2d 297. The important elements which should be considered are the defendant's personal history (including age, family ties, health, and employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La. 1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
[2] When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single cause of conduct are not mandatory, and it is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Johnson, 42,323 (La.App.2d Cir.8/15/07), 962 So.2d 1126; State v. Boudreaux, 41,660 (La.App.2d Cir. 12/13/06), 945 So.2d 898, writ denied, XXXX-XXXX (La.11/2/07), 966 So.2d 591; State v. Robinson, 33,921 (La.App.2d Cir. 11/1/00), 770 So.2d 868.

A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence or record. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. State v. Johnson, supra; State v. Boudreaux, supra; State v. Mitchell, 37,916 (La.App.2d Cir.3/3/04), 869 So.2d 276, writ denied, 04-0797 (La.9/24/04), 882 So.2d 1168, cert. denied, 543 U.S. 1068, 125 S.Ct. 905, 160 L.Ed.2d 801 (2005); State v. Maxie, 30,877 (La.App.2d Cir.8/19/98), 719 So.2d 104.