# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1071


**STATE OF LOUISIANA**

**VERSUS**

**RAYMUNDO FRANCO**


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 114,909
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.


**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

**James E. Beal**
**Louisiana Appellate Project**
**Post Office Box 307**
**Jonesboro, Louisiana  71251-0307**
**(318) 259-2391**
**Counsel for Defendant/Appellant:**
    **Raymundo Franco**

**Michael Harson**
**District Attorney**
**Ronald E. Dauterive**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana  70502**
**(337) 232-5170**
**Counsel for:**
    **State of Louisiana**

**Raymundo Franco**
**A.V.C. Hope 1 - B2**
**1630 Prison Road**
**Cottonport,, Louisiana  71327**
**Defendant/Appellant**

**SULLIVAN, Judge.**

Defendant, Raymundo Franco, appeals his sentence for vehicular homicide, claiming it is excessive. He also makes a *pro se* claim that the trial court breached his plea agreement and that his consent was vitiated when he received an excessive sentence. For the following reasons, we affirm Defendant's sentence, as amended, and remand with instructions.

### *Facts*

On February 18, 2007, the weekend before Mardi Gras, Defendant ran a red light, and his vehicle collided with a vehicle driven by B.D.,[1] a seventeen-year-old female. Defendant's blood alcohol concentration was 0.26. B.D. had two passengers, K.V. and M.L, who were also seventeen years old. B.D. was killed, and K.V. and M.L. were seriously injured. M.L.'s left leg was amputated below the knee, and she had to undergo numerous surgeries, which required her to be hospitalized for an extended period of time. K.V. was also hospitalized and lost her spleen.

Defendant was charged with vehicular homicide, a violation of La.R.S. 14:32.1, two counts of first degree vehicular negligent injuring, a violation of La.R.S. 14:39.2, and operating a motor vehicle without required insurance, a violation of La.R.S. 32:861. He pled guilty to vehicular homicide and two counts of first degree vehicular negligent injuring; the charge of operating a motor vehicle without required insurance was dismissed. For his conviction of vehicular homicide, Defendant was sentenced to twenty-four years at hard labor and ordered to serve the first five years without the benefit of probation, parole, or suspension of sentence; he was also

---

[1]Initials are used pursuant to La.R.S. 46:1844(W). Although the use of the deceased victim's initials is not required under the statute, her initials are used herein to protect the identity of the other two victims.

1

ordered to pay a fine of $2,000.00 and court costs of $183.50. For each conviction of first degree vehicular negligent injuring, Defendant was sentenced to five years at hard labor. The three sentences were ordered to run concurrently, and Defendant was given credit for time served. The trial court requested that Defendant be confined to a facility in which he could receive alcohol and substance abuse treatment and imposed conditions of parole.

Defendant filed a *pro se* Motion to Reconsider Sentence, which was summarily denied with reasons. He then filed a *pro se* "Motion to Vacate Illegal Sentence ordering Resentence," which was also summarily denied with reasons. Thereafter, he filed this appeal.

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. There are two error patents.

The trial court imposed conditions of parole; however, it does not have the authority to impose such conditions. *State v. Bradley,* 99-364 (La.App. 3 Cir. 11/3/99), 746 So.2d 263. Accordingly, Defendant's sentence is amended by deleting the conditions of parole, and the trial court is instructed to make an entry in the court minutes reflecting this amendment.

The trial court gave Defendant incorrect advice as to the time period for seeking post-conviction relief. It informed Defendant that his sentences and convictions would be final in *five* days if he did not file an appeal or a motion to reconsider his sentence. Pursuant to La.Code Crim.P. arts. 914 and 922, the earliest a conviction and sentence can become final is *thirty* days after the imposition of sentence, provided the defendant does not file an appeal or a motion to reconsider

2

sentence. In light of this error, the trial court is directed to inform Defendant of the correct prescriptive period by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof of the notice in the record of this proceeding. *State v. Roe,* 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

### *Excessive Sentence*

Defendant urges that the trial court failed to give sufficient consideration to mitigating factors in fashioning his sentence for vehicular homicide, and as a result, he received an excessive sentence. In his *pro se* Motion to Reconsider Sentence, Defendant did not set forth a specific ground upon which his motion was based, stating only that his sentence was excessive. A motion to reconsider sentence must be based upon a specific ground. La.Code Crim. art. 881.1(E). This requirement includes claims of excessiveness. *Id.* In *State v. Mims*, 619 So.2d 1059, 1059-60 (La.1993), the supreme court addressed this requirement, explaining:

> If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness.

Defendant did not argue that the trial court did not sufficiently consider the mitigating factors as provided in La.Code Crim.P. art. 894.1 or that the trial court failed to comply with Article 894.1; therefore, he is relegated to a bare claim of excessiveness. *Id.*

In *State v. Semien*, 06-841, pp. 11-12 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, 1197, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397, this court stated:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the

imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-646 La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1.    The nature of the crime,

2.    The nature and background of the offender, and

3.    The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59 first two alterations in original.

### *Nature of the Crime*

The crime at issue here is vehicular homicide, which carries a maximum sentence of thirty years at hard labor. La.R.S. 14:32.1. In 2004, the legislature increased the maximum penalty for vehicular homicide from twenty years to thirty years, demonstrating its intent to convey the serious nature of this crime. *State v. Morain*, 07-1207 (La.App. 3 Cir. 4/2/08), 981 So.2d 66. Then, in 2006, the minimum

4

penalty for vehicular homicide was increased from two years to five years at hard labor, and the minimum number of years required to be imposed without benefit of probation, parole, or suspension of sentence was increased from one year to three years, further evidencing the legislature's intent to convey the seriousness of this offense.

In this case, the offense caused the untimely death of a seventeen-year-old girl, for which "[t]here is no measure of punishment to this defendant that can erase this crime, ease [this family's] pain, or comfort this family," as the trial court observed.

### *Nature and Background of Defendant*

Defendant was twenty-three years old at the time of the accident herein. He had no prior felony convictions but had several misdemeanor convictions, including DWI, improper lane usage, careless operation, and no driver's license in possession. In fact, Defendant was on probation for a prior DWI conviction at the time of the instant offense. Additionally, his blood alcohol concentration was more than three times the legal limit of "0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood." La.R.S. 14:98(A)(1)(b).

Defendant obtained his Graduate Equivalency Diploma, then attended a branch of Texas A&M in Houston, Texas, which led him to be a diver. He moved to New Iberia, Louisiana, to work as a diver, where he was gainfully employed for about two years before the accident. He accepted responsibility for his conduct and showed remorse for the consequences of his misconduct. He admitted that he has a substance abuse problem for which he needed help and completed Project Kite, a substance abuse program offered to incarcerated inmates. He was also attending Alcoholic Anonymous meetings.

***Sentences Imposed for Similar Crimes***

Two reported cases involve the amended maximum penalty for vehicular homicide that was upheld on appeal and that is similar to the instant case. In *State v. Kotrla*, 08-364 (La.App. 3 Cir. 11/5/08), 996 So.2d 1224, this court affirmed a sixteen-year sentence for vehicular homicide. Like the Defendant in this case, the defendant in *Kotrla* was driving his vehicle while under the influence of alcohol, struck another vehicle, and caused the death of one passenger and seriously injured the driver and a second passenger. The defendant's blood alcohol concentration exceeded 0.15. After one full day of trial, the defendant withdrew his plea of not guilty to vehicular homicide and two counts of first degree vehicular negligent injuring and entered a plea of guilty as charged.

At sentencing, in *Kotrla*, the trial court noted that the defendant had no prior felony convictions and had a stable work history. However, considering the facts that the defendant's blood alcohol concentration was twice the legal limit at the time of the offense and that his actions resulted in the death of a human being and serious bodily injury to two others, the trial court determined that any lesser sentence would deprecate the seriousness of the offense.

In *State v. Johnson*, 43,719 (La.App. 2 Cir. 12/3/08), 999 So.2d 126, the defendant pled guilty to one count of vehicular homicide and one count of first degree vehicular negligent injuring. At the time of the accident at issue, the defendant had a blood alcohol concentration of 0.285. She did not have a driver's license, and the car she was driving was not insured. Additionally, she had a history of alcohol abuse. The defendant was sentenced to serve fifteen years at hard labor, the first five years to be served without benefit of probation, parole, or suspension of sentence on the

6

vehicular homicide conviction and five years at hard labor with credit for time served on the first degree negligent injuring conviction to run consecutively with the vehicular homicide conviction.

We have considered Defendant's sentence in light of the seriousness of the crimes committed, Defendant's situation, and sentences imposed in these similar cases and do not find his sentence to be cruel or excessive punishment. Defendant's blood alcohol concentration was much higher than the defendant's in *Kotrla*, and there is no indication that that the defendant in *Kotrla* had a substance abuse problem or a prior DWI. While Defendant's blood alcohol concentration was lower than the defendant's in *Johnson*, there were only two victims in *Johnson*, and the defendant was sentenced to consecutive sentences which total twenty years. The defendant in *Johnson* had an alcohol abuse problem, as Defendant does, but unlike Defendant, there is no indication she had a prior DWI conviction or that she was on probation for DWI when she committed the offense of vehicular homicide.

### *Breach of Plea Agreement*

In his second and third *pro se* assignments of error, Defendant argues that his plea agreement was breached by the trial court when it imposed a twenty-four-year sentence for vehicular homicide and that his consent to the plea agreement was vitiated by the alleged breach. We do not agree.

First, Defendant's plea agreement did not include a sentencing agreement or recommendation by the State. Second, before accepting Defendant's guilty plea, the trial court specifically informed him twice that no promise was being made as to the sentence he would receive. Third, the trial court also explained that a pre-sentence investigation would be ordered and that the trial court would use it to determine the

appropriate sentence. Lastly, Defendant indicated that he understood the trial court's explanation regarding sentencing. Defendant was sentenced in conformity with his plea agreement, and his conviction is affirmed.

### *Disposition*

Defendant's conviction and sentence for vehicular homicide are affirmed. However, his sentence is amended by deleting the conditions of parole, and the trial court is instructed to make an entry in the court minutes, which identifies this amendment. The trial court is directed to inform Defendant of the correct prescriptive period for post-conviction relief by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof of the notice in the record of this proceeding.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**