STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-260


STATE OF LOUISIANA

VERSUS

TORY LANDRY


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 05-1020
HONORABLE EDWARD M. LEONARD, JR., DISTRICT JUDGE


**********


MARC T. AMY
JUDGE


**********


Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.


SENTENCE AFFIRMED.  REMANDED WITH INSTRUCTIONS.


Alfred F. Boustany, II
Post Office Box 4626
Lafayette, LA   70502
(337) 261-0225
COUNSEL FOR DEFENDANT/APPELLANT:
      Tory Landry

J. Phillip Haney
District Attorney
Jeffrey J. Trosclair
Assistant District Attorney
500 Main Street, 5th Floor
Franklin, LA   70538
(337) 828-4100
COUNSEL FOR APPELLEE:
      State of Louisiana

AMY, Judge.

The defendant entered a guilty plea to the charge of vehicular homicide. The defendant was subsequently sentenced to thirty years at hard labor, all but eighteen years suspended. The first five years of this sentence is to be served without the benefit of probation, parole, or suspension of sentence. Upon release, the defendant will be on supervised probation with special conditions for five years. He was ordered to make restitution to the victim's family. The defendant appeals this sentence, asserting it is excessive and that the trial judge failed to adequately consider the mitigating factors present. For the following reasons, we affirm the defendant's sentence and remand with instructions.

### Factual and Procedural Background

This matter stems from an automobile accident occurring on the evening of May 8, 2005. The defendant and his friend, Patrick Clay Terry, were drinking together at Mr. Terry's home. The two then went to a friend's house where both of them continued drinking. Later in the evening, the defendant and Terry left the friend's house, with the defendant driving. The defendant admitted to drinking with Mr. Terry what he believed to be "over a fifth" of alcohol, however, the defendant "figured [he] was not impaired[.]" The defendant testified at his sentencing hearing that he believed, as the two headed back home, Mr. Terry remembered leaving his cell phone at the friend's house and wanted to return to the friend's house to retrieve the phone. The defendant testified that he turned around to return to the friend's house and that he "must have passed out at the wheel." Tragically, the defendant's vehicle struck another vehicle in the opposing lane of travel. The driver of the other vehicle received moderate injuries. Mr. Terry was killed in the crash. At the plea hearing, the defendant admitted to having a blood alcohol content of .231.

The defendant was originally charged with vehicular homicide, a violation of La.R.S. 14:32.1; vehicular negligent injuring, a violation of La.R.S. 14:39.1; operating a vehicle while intoxicated, a violation of La.R.S. 14:98; driving the wrong way on a one-way roadway, a violation of La.R.S. 32:78; and having no proof of insurance, a violation of La.R.S. 32:863.1. Pursuant to a guilty plea, an amended bill of information was filed charging the defendant with vehicular homicide and negligent injuring. The defendant then pleaded guilty to vehicular homicide and no contest to the vehicular injuring charge.

At the sentencing hearing, the defendant presented witnesses, and Mr. Terry's family read prepared statements. After listening to testimony and reviewing the defendant's criminal history, the trial court sentenced the defendant, on the vehicular homicide charge, to thirty years at hard labor, all but eighteen years suspended. The first five years of this sentence was ordered served without the benefit of probation, parole, or suspension of sentence.

After sentencing, the defendant filed an application for post-conviction relief, seeking an out-of-time appeal and asking the court to sentence him on the negligent injuring charge. Based upon the agreement of the parties, the trial court entered judgment dismissing the charge of vehicular negligent injuring and granted this out-of-time appeal. This judgment allowed the defendant thirty days to file a motion to reconsider his sentence, and thirty days from the court's ruling on that motion, to file a motion for appeal.

The defendant filed a motion to reconsider his sentence in which he proposed an alternative sentence. The trial court denied the motion to reconsider the defendant's sentence, and the defendant moved for this appeal. He assigns as error

2

that the trial court failed to consider the appropriate aggravating and mitigating factors in particularizing his sentence, and that the trial court erred in imposing the maximum sentence.

**Discussion**

*Errors Patent*

Louisiana Code of Criminal Procedure Article 920 requires that all appeals be reviewed for errors patent on the face of the record. Our review reveals three errors patent; however, two of the errors do not require correction on appeal. The third error requires a remand.

First, in the same bill of information, the defendant was charged with vehicular homicide and vehicular negligent injuring. The offense of vehicular homicide is triable by a jury, whereas, the offense of vehicular negligent injuring is triable by a judge only. Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill of information under limited circumstances, namely, if the offenses joined are triable by the same mode of trial. Thus, these two offenses should not have been joined in the same bill of information. However, because the defendant failed to file a motion to quash the bill of information based on the misjoinder, he waived all objections to the error. *See* La.Code Crim.P. art. 495 and *State v. Mallett*, 357 So.2d 1105 (La.1978), *cert denied*, 439 U.S. 1074, 99 S.Ct. 848 (1979). Additionally, by entering an unqualified guilty plea, the defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976).

Next, because the misdemeanor would not have been triable by a jury, the proper mode of appellate review for this offense would have been an application for

writ of review, rather than an appeal. La.Code Crim.P art. 912.1. However, because the State dismissed this offense, any procedural issue regarding this charge is moot.

Lastly, the trial court ordered the defendant to pay $9,404.05 in restitution to Mr. Terry's family. Louisiana Code of Criminal Procedure Article 895.1(A)(1) provides that "[t]he restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant." In the present case, the trial court did not provide how the restitution was to be paid. Accordingly, we remand this matter to the trial court for a determination of the manner in which restitution is to be paid pursuant to La.Code Crim.P. art. 895.1. *See State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597; *State v. Fontenot*, 01-0540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255.

*Excessiveness of Sentence*

The defendant argues that the trial court did not properly consider aggravating and mitigating factors in particularizing his sentence. Specifically, the defendant argues:

> The court, as required by [La.Code Crim.P art.] 894.1(C), stated for the record the considerations taken into account but those limited considerations show he did not give any weight to any of the factors listed in [La.Code Crim.P. art.] 894.1(B) because, other than fact of the conviction and the victim impact statement, the only other relevant factor given by the judge was the appellant's criminal history which showed he is a first offender.

The record reflects that the defendant filed a motion to reconsider his sentence pursuant to La.Code Crim.P. art. 881.1. This article requires a defendant to set forth the specific grounds on which a motion to reconsider may be based. La.Code Crim.P. art. 881.1(E). In the present case, the defendant failed to set out the specific ground that the factors of La.Code Crim.P. art. 894.1 were not considered. Accordingly, this

4

claim cannot be reviewed here. Instead, we review this claim only as a bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993).

This court has set out a standard to be used in reviewing excessive sentence claims, as follows:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p.12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original).

At the time of this 2005 offense, La.R.S. 14:32.1(B) provided:

> Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two[1] years nor more than thirty years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the operator's blood alcohol concentration is 0.15 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.

---

[1] 2006 La. Acts No. 294, § 1, changed the law so that the minimum sentence is now five years at hard labor, a least three of which must be served without benefit of probation, parole or suspension of sentence.

In this case, the trial court imposed a sentence of thirty years at hard labor, with all but eighteen years suspended and the first five years to be served without benefit of probation, parole, or suspension of sentence. On the motion to reconsider, the trial court denied reconsideration of the sentence, but indicated that it would recommend the last portion of his sentence be served in the Steve Hoyle Treatment Center.

At the sentencing hearing, the trial court stated as follows:

> The statute in question for vehicular homicide provides for a penalty of between five and thirty (30) years, five of which would be served without benefit of probation, parole or suspension of sentence.

> The Court agrees with counsel that this is a case which is tragic to both families. The Court also agrees that the death of the decedent was an accident, but the Court disagrees that the whole episode was an accident. I don't think that a person can consume what amounts to a fifth of alcohol, believe that they are not impaired and get into a vehicle, and attempt to drive it [sic] and that that kind of action is accidental. This Court believes that that kind of action is deliberate.

> There is very little that a Court can do in a case like this. Certainly nothing that the Court can do for the family of the victim, and there's very little that the Court can do for even the perpetrator or the perpetrators family. The only thing that the Court can do is try to fashion a sentence which it believes complies with the law and which is a fair sentence. In doing so[,]and having read the Victim Impact Statements that have been furnished to the court, having reviewed the criminal record of Tory Landry that the Court ordered, the Court has decided on the following sentence.

> It is the sentence of the Court, Mr. Landry, that you serve thirty (30) years at hard labor with the Department of Safety and Corrections. I will suspend all but eighteen (18) years of that. The first five years, or at least five years of that sentence, will be served without benefit of probation, parole, or suspension of sentence. When you are released from imprisonment you will be on five years supervised probation with the Department of Safety and Corrections under the usual conditions of probation of [La.Code Crim.P. art.] 895 and the special conditions that you sign up for probation immediately upon your release; that you observe an in-home curfew from 6:00 p.m. to 6:00 a.m. with electronic monitoring; that as a condition of probation you attend no less than four A.A. meetings per week; that you consume no alcoholic beverages and that you remain drug free during the period of probation. While incarcerated you are to participate in whatever substance abuse

programs are available to you. I will also order that you make restitution to the family of the victim in the amount of Nine Thousand Four-Hundred Dollars and five cents ($9,404.05).

. . . .

Okay. Mr. Landry, this is a terrible thing, that's what happens when people don't have any regard for themselves or anybody else. So I hope it never happens again.

After reviewing the record, we find no abuse of the trial court's discretion. First, the defendant admitted that his blood alcohol content was .231 at the time of the accident. Further, the defendant believed that he "passed out at the wheel" while the vehicle was going the wrong way on the highway. Finally, the record reveals that the court considered the fact that although the defendant was motivated and eager to enter alcohol abuse treatment, he had not voluntarily availed himself of the opportunity while in prison thus far.

The defendant argues that because he is not the "worst offender," the maximum sentence cannot be imposed. Although the defendant is exposed to the maximum period of incarceration in light of the thirty-year sentence, all but eighteen years of the sentence was suspended. Also, the statute provides a mandatory fine of at least two thousand dollars, yet the trial court did not impose this portion of the sentence. Accordingly, the defendant's assertion that his sentence should be viewed as the maximum possible sentence is without merit.

The defendant points to *State v. Morain*, 07-1207 (La.App. 3 Cir. 4/2/08), 981 So.2d 66, wherein this court found the trial court abused its discretion in imposing the maximum sentence for the defendant's vehicular homicide conviction. The present case is distinguishable. In that case, Morain killed a motorist who was changing a tire on the side of the road. Morain's blood alcohol content was measured at .10g. The

7

defendant in the present case had a blood alcohol content of .231. *See also State v. Morain*, 08-1546 (La.App. 3 Cir. 6/3/09), 11 So.3d 733 (wherein this court on remand found that trial court did not abuse its discretion in sentencing the defendant to fifteen years at hard labor, eight years to be served without benefit of parole, probation or suspension of sentence, and to pay a fine of two thousand dollars). This court has upheld similar sentences for defendants with similar blood alcohol content levels to the defendant in the present case. *See State v. Franco*, 08-1071 (La.App. 3 Cir. 4/1/09), 8 So.3d 790 (this court upheld a sentence of twenty-four years at hard labor with five years being served without the benefit of probation, parole, or suspension of sentence, for a defendant who had a blood alcohol content of .26 when his vehicle collided with another causing the death of a seventeen-year old female); *State v. Guillory*, 93-1031 (La.App 3 Cir. 4/27/94), 640 So.2d 427, *writ denied*, 94-1380 (La. 9/30/94), 642 So.2d 869 (this court affirmed a sentence of fifteen years at hard labor, the maximum sentence at the time, seven of which were without the benefit of probation or suspension of sentence for a defendant with a blood alcohol content of .29 who killed three persons in a car accident).

In light of these factors, we find that the trial court did not abuse its discretion in imposing its sentence.

## DECREE

For these reasons, the defendant's sentence is affirmed. We remand for the purposes of establishing a specific payment plan for the restitution of $9,404.00 in accordance with La.Code Crim.P. art. 895.1.

**SENTENCE AFFIRMED. REMANDED WITH INSTRUCTIONS.**