DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1484

STATE OF LOUISIANA

VERSUS

CHARLES JOHNSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12422-09
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED.

Edward K. Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, LA 70602
Counsel for Defendant-Appellant:
    Charles Johnson

John F. DeRosier
District Attorney
David L. Kimball
Assistant District Attorney
Carla S. Sigler
Assistant District Attorney
1020 Ryan St.
Lake Charles, LA 70601
Counsel for Appellee:
    State of Louisiana

**PAINTER, Judge**.

Defendant, Charles Johnson, appeals the sentence of five years at hard labor imposed in connection with his conviction for theft over five hundred dollars. Finding that it is not excessive, we affirm the sentence imposed by the trial court.

## FACTS

On January 6, 2009, Defendant entered the Lake Charles City Hall posing as a preacher collecting money for a woman who had been murdered. While in the building, Defendant stole a laptop computer belonging to the fire chief and valued in excess of five hundred dollars.

On March 27, 2009, Defendant was charged by bill of information with theft over five hundred dollars, a violation of La.R.S. 14:67. On June 26, 2009, Defendant entered a plea of guilty, and the State agreed not to charge him as a habitual offender. Defendant was sentenced to five years at hard labor with credit for time served. A motion to reconsider sentence was filed on July 1, 2009, and summarily denied. Defendant is now before this court on appeal, asserting that his sentence is excessive.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, we have reviewed the record for errors patent on its face and found none.

*Excessive Sentence*

In his sole assignment of error, Defendant argues that his sentence is excessive. In his motion to reconsider sentence filed in the trial court, Defendant did not set forth a specific ground upon which his motion was based, stating only that his sentence was unconstitutionally excessive. Pursuant to La.Code Crim.P. art.

1

881.1(E), a motion to reconsider sentence must be based upon a specific ground. Therefore, Defendant is relegated to a bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993), *State v. Franco*, 08-1071 (La.App. 3 Cir. 4/1/09), 8 So.3d 790.

In *State v. Semien*, 06-841, pp. 11-12 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, 1197, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397 (quoting *State v. Whatley*, 03-1275, p. 5 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958) (alterations in original), this court stated:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to

2

assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Pursuant to La.R.S. 14:67(B), the penalty for theft over five hundred dollars is not more than ten years imprisonment, with or without hard labor, or a fine of not more than three thousand dollars, or both. Defendant received a mid-range sentence of five years and was spared a fine.

Defendant was sentenced immediately after his guilty plea. At the time of his plea, the State presented the details of the offense, and Defendant admitted to taking the laptop. Defendant addressed the trial court, stating that he knew that what he did was stupid. He explained that he was from New Orleans and did not know anyone in Lake Charles. When he lost his job, he did not have money to buy medication for his pregnant fiancée. According to Defendant, he had no intention of taking anything when he entered the building on the day of the offense. However, he alleges that when he saw the laptop computer, he seized the opportunity because they needed help.

The State responded by stating that Defendant was stealing in the name of the Lord and maintained that Defendant entered the building with the intent to steal. In addition to the facts of the offense provided herein, the State referred to Defendant as a con artist and said that what Defendant told the trial court was a "bunch of bull." The State also indicated that Defendant had an extensive record and was not entitled to probation. Further, the State noted that Defendant was from New Orleans, making it difficult to tell how many offenses he had been convicted of. According to the State, Defendant had been convicted of burglary at least three times, most recently in

1998. Defendant admitted to the trial court that he had been convicted three times for felony offenses, but he insisted that since that time, he had not been in trouble. Lastly, the trial court confirmed that the laptop computer was never recovered.

Considering Defendant's prior felonies, Defendant received a substantial benefit from his plea agreement. In exchange for his guilty plea, the State agreed not to charge Defendant as a habitual offender, significantly reducing his sentencing exposure.

A review of the jurisprudence reflects that Defendant's sentence is in keeping with sentences imposed in similar cases. *See State v. Granger*, 08-1477 (La.App. 3 Cir. 6/3/09), 11 So.3d 649; *State v. Brown*, 08-1434 (La.App. 4 Cir. 3/18/09), 7 So.3d 1238; *State v. Smith*, 08-1030 (La.App. 3 Cir. 3/4/09), 6 So.3d 309.

In the instant case, considering Defendant's prior criminal history, the lack of mitigating factors in the commission of the offense, the benefit Defendant received from his plea agreement, and sentences imposed in similar cases, Defendant's sentence is not excessive and will be affirmed.

## CONCLUSION

For the foregoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**