619 So.2d 1059 (1993)
STATE of Louisiana
v.
Ira Joe MIMS.
No. 93-K-0808.
Supreme Court of Louisiana.
June 18, 1993.
PER CURIAM.
Defendant was convicted of purse snatching and second degree battery and was ultimately sentenced as a second offender. He then moved for reconsideration of the sentence, urging that it was excessive.
On appeal, the court of appeal refused to review defendant's claim of excessiveness of sentence because defendant did not assert in his motion for reconsideration the reasons why the sentence was alleged to be excessive, 614 So.2d 776.
The court of appeal correctly observed that one purpose of the motion to reconsider, mandated by La.Code Crim.Proc. art. 881.1, is to allow the defendant to raise any errors that may have occurred in sentencing while the trial judge still has the jurisdiction to change or correct the sentence. The defendant may point out such errors or deficiencies, or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing.
Under Article 881.1 the defendant must file a motion to reconsider and set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal. However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the *1060 court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness. Article 881.1 only precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency.
The court of appeal therefore erred in the present case by refusing to consider the defendant's appeal on the limited ground of excessiveness.
Accordingly, the judgment of the court of appeal is set aside, and the case is remanded to consider defendant's claim of excessiveness of sentence in accordance with this opinion.
HALL, J., not on panel; recused.