|,WILLIAMS, Judge.
On April 1, 1997, the defendant, Darrell Rowe, sold a rock of crack cocaine to an undercover police officer for thirteen dollars. The defendant was charged by bill of information with distribution of cocaine, a violation of LSA-R.S. 40:967.[1] At arraignment, the defendant entered a plea of not guilty. However, he later withdrew his not guilty plea and entered a plea of guilty as charged. The trial court sentenced the defendant to serve eight years at hard labor. The defendant’s untimely motion to reconsider sentence was denied. The defendant appeals urging' that the sentence is excessive. We affirm.
When a defendant fails to file a timely motion to reconsider sentence, the appellate court’s review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,-576, (La.App.2d Cir.9/25/96), 682 So.2d 777.
Prior to sentencing the defendant, the trial judge reviewed the presentence investigation (PSI) report and noted that the defendant was twenty-one years old at the time of the offense with no record of juvenile criminal history. The judge also noted that, although the defendant was classified as a first felony offender, he had eight misdemeanor convictions as an adult and many of these convictions were | ¡..committed while the defendant was on probation for previous misdemeanor convictions. The defendant completed the ninth grade and was unemployed at the time of the PSI report. The trial judge concluded that there was an undue risk that during a period of a suspended sentence or probation that the defendant would commit another crime and that a lesser sentence would deprecate the seriousness of the offense.
We do not find that the trial court abused its broad discretion in sentencing this defendant. The defendant’s eight-year sentence does not shock our sense of justice and is not disproportionate to the severity of the offense. Therefore, the sentence imposed is not constitutionally excessive. The assigned error is without merit.
We have reviewed the record for error patent and found none.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LSA-R.S. 40:967 was amended by Acts 1997, No. 1284, which became effective on August 15, 1997. The defendant's offense was committed prior to the amendment of the statute, therefore, his sentence is governed by the penalty provisions of the statute prior to its amendment.