JjDREW, J.
Defendant pleaded guilty on January 25, 1999, as charged, to one count of assault by drive-by shooting, a violation of La. R.S. 14:37.1, which is punishable by a sentence of not less than one year nor more than five years, with or without hard labor, all without benefit of suspension of sentence. The trial court imposed a low-end sentence of two years and directed that it be served concurrently with a two-year sentence defendant was already serving on an unrelated theft conviction. Although he failed to move for reconsideration, defendant now appeals his sentence as excessive. We affirm.
The matters of record show that on May 20, 1998, defendant and three male companions were together in a motor vehicle. *868 One or more shots were fired at the victim from the vehicle.
When a defendant fails to file a La.C.Cr.P. art. 881.1 motion to reconsider sentence, the appellate court’s review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
Prior to imposing sentence, the district court considered the facts of the case noted above. The defendant was 19 years old- and had a prior conviction for felony theft. He had already served nine months of the 24-month sentence imposed as a result of that conviction. He also had a prior misdemeanor theft conviction.
On this record, we do not find constitutional error. Defendant received almost the minimum sentence the district court could impose. The court showed great leniency in directing that the sentence be served concurrently with an [^unrelated sentence, over one-third of which had already been served. The sentence imposed does not shock the sense of justice, nor does the term of imprisonment indicate an abuse of the district court’s great sentencing discretion. If the trial judge erred, he erred on the side of leniency here. The sentence is most certainly not constitutionally excessive.
We have reviewed the record for error patent and found none.
The conviction and sentence are affirmed.
AFFIRMED.