PER CURIAM.
The defendant, Randy Randell Odom, was originally charged with simple burglary. Pursuant to a plea bargain, he was allowed to plead guilty to attempted simple burglary, and the state agreed not to file a habitual offender bill against the defendant. The trial court sentenced the defendant to five years at hard labor. The defendant appeals his sentence as excessive.
On August 16, 2000, the defendant made an unauthorized entry into a storage trailer from which he stole three amplifiers worth in excess of $3,000.
When, as here, a defendant fails to file a motion to reconsider sentence under La.C.Cr.P. art. 881.1, the appellate court’s review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
Although appellate defense counsel suggests that a trial court’s “failure” to notify a defendant of the time delay within which to file a motion for reconsideration of sentence should entitle an accused to complete review of his sentence, there is no jurisprudential support for that position.
Prior to imposing sentence, the trial court considered a pre-sentence investigation (PSI) report. The defendant, a second felony offender, had prior convictions *787 for illegal carrying of a weapon, armed robbery, attempted first degree robbery, and felony theft. His parole had been revoked. The ^parole and probation officer who compiled the PSI report did not recommend the defendant for probation because of his prior offenses and revoked parole. We also note that the defendant obtained a significant benefit from his plea bargain which reduced his sentencing exposure from 24 years as a second felony offender on the original charge of simple burglary to only six years on a charge of attempted simple burglary. The five-year sentence imposed by the trial court is not illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. This assignment of error is meritless.
Our error patent review discloses the trial court erroneously informed the defendant he had five days after the sentence became final to appeal. We deem this to be harmless error.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.