| STEWART, J.
Defendant, Christopher Sartin, pled guilty as charged to one count of oral sexual battery, a violation of La. R.S. 14:43.3 punishable by imprisonment at hard labor for not more than ten years without benefits. The court sentenced him to serve six years at hard labor without benefits which, after denial of his timely motion for reconsideration, he argues is excessive. We affirm.
FACTS
During the night of April 13, 2002, Sar-tin, age 20, called the victim, age 12, on the telephone and convinced her to leave her residence through her bedroom window. He met the child, assisted her exit from the residence, and took her to his truck, which he had left in a church parking lot. Sartin kissed and fondled the child and had her perform fellatio. The victim’s mother, who was searching for her after noticing she was gone, caught Sartin and her child in the act. Sartin initially claimed the child had been the aggressor in this sexual event.
DISCUSSION

Excessive Sentence

When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
| ¡¿Prior to imposing sentence, the court reviewed a PSI report which provided extensive details of defendant’s social history, including his education and work experiences. The court noted that defendant had no criminal record but, considering the facts of the case, found this was an “egregious offense for a grown man to commit with an obviously young girl.”
On this record, we do not find constitutional error. Sartin had a childhood without negative events. He was a leader in his high school’s athletics program. He was trained to work as a brick layer and in auto mechanics. He had been involved in sexual relations with women of his own age, but chose to engage in this offense even after realizing the child was under the age of consent. There is no justification for the commission of this offense. *893 The lawful sentence imposed is mid-range. It is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence which, under the facts and circumstances of this case, is not constitutionally excessive.
CONCLUSION
Based on the foregoing, the conviction and sentence are affirmed.
AFFIRMED.