NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-509

STATE OF LOUISIANA

VERSUS

BRIAN JOSEPH SUIRE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 02-1119
HONORABLE GERARD B. WATTIGNY, PRESIDING
\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and
Billy H. Ezell, Judges.

AFFIRMED.

Robert Vines, District Attorney's Office
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
    State of Louisiana

Richard Spears
101 Taylor Street
New Iberia, LA 70562
(337) 367-1960
COUNSEL FOR DEFENDANT-APPELLANT:
    Brian Joseph Suire

**COOKS, Judge.**

On June 21, 2003, narcotics agents with the Iberia Parish Sheriff's Office received information that the Defendant, Brian Joseph Suire, was involved in illegal narcotics activity. Agents went to the Defendant's residence, knocked on the door and were granted permission to enter and search the residence. Approximately forty-two grams of cocaine were found in the residence. A handgun was also found at the residence. Defendant was arrested and *Mirandized,* and subsequently confessed to selling cocaine.

Defendant was charged by bill of information with possession of cocaine between 28-200 grams, a violation of La.R.S. 40:967(F)(1)(a), and possession of a firearm while in possession of drugs, a violation of La.R.S. 14:95(E). Defendant initially pled not guilty but later withdrew that plea and entered a plea of guilty to the amended charge of possession with intent to distribute cocaine. As part of the plea agreement, the charge of possession of a firearm was dismissed.

Defendant was sentenced to serve eight years at hard labor, three of which were suspended, two years to be served without benefit of probation, parole or suspension of sentence and credit for time served. Upon release, Defendant was to be placed on five years supervised probation under the general conditions of La.Code Crim.P. art 895(A) and the following special conditions: 1. report to the probation office within forty-eight hours of release; 2. pay a $50.00 monthly supervision fee; 3. pay a fine of $5,000.00 and cost of court, payable at one-sixtieth each month on probation; 4. pay cost of prosecution, $1,000.00, payable at one-sixtieth each month on probation; 5. pay the Iberia Parish Drug Court Fund $1,000.00, payable at one-sixtieth each month on probation; 6. pay to the Iberia Parish Office Narcotics Unit $500.00, payable at one-sixtieth each month on probation; 7. pay the Acadiana Crime Lab Fund $500.00,

payable at one-sixtieth each month on probation; and, 8. do not frequent or go into any bars or casinos.

A motion to reconsider sentence was denied, and a motion for appeal was granted. Defendant is now before this court on appeal asserting that the trial court imposed an excessive sentence. For the following reasons, we affirm Defendant's sentence.

**ANALYSIS**

In his sole assignment of error, Defendant argues the trial court erred in imposing an excessive sentence. In his motion to reconsider sentence, Defendant did not assert with specificity the grounds upon which he alleged his sentence is excessive. The motion merely asserted that he "seeks to have the sentence reconsidered." When a defendant fails to assert specific grounds for excessiveness, he is then limited on appeal to a review of a bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993).

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035,

1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The Defendant pled guilty to possession with intent to distribute cocaine, a violation of La.R.S. 40:967(B), which reads, in pertinent part:

> Except as provided in Subsection F, any person who violates Subsection A with respect to:
>
> > (4)(b) Distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule II(A)(4) of R.S. 40:964 . . . shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.

Thus, Defendant's eight-year sentence, with three years suspended, was one-sixth of the maximum sentence. Also, Defendant was originally charged with possession of a firearm while in possession of drugs, a violation of La.R.S. 14:95(E), and could have received a sentence of five to ten years at hard labor, without the benefit of probation, parole, or suspension of sentence and a fine up to ten thousand dollars.

-3-

At sentencing, the trial court offered into evidence Defendant's criminal records check and letters from various people concerning the Defendant's good character. When sentencing the Defendant, the trial court stated:

> Let's see, I think Mr. Suire is now thirty-one? All right. The Court considers the following factors in sentencing Mr. Suire. That he was born May 3, 1974; that he's thirty-one years of age; that he has a - three years college education; he's a mature individual; he's an educated individual; he's not a person who is ignorant; he is not a person who is uneducated. He has work experience as a general contractor with a successful business according to his wife. In this case he was charged on June 21, 2002, with Possession of Cocaine, more than 28 grams but less than 200 grams. He was also charged with Possession of a Firearm while in possession of a controlled dangerous substance. He pled guilty to a reduced charge of Possession with Intent to Distribute Cocaine, and dismissal of the possession, I think, and dismissal of the possession within - Possession of a Firearm while in possession of a controlled dangerous substance. So, he has obtained substantial benefits by the, his plea bargain and reduced his exposure from not less than five years nor more than thirty years to an exposure of not less than two years nor more than thirty years, the first two years without benefit. On dismissal of the firearm charge, he has reduced his exposure by not less than five nor more than ten years without benefits. So, he's already received a substantial benefit by his plea bargain.
>
> The facts of the case revealed for the period of time that the case has been in the court shows that he was in possession of forty-two (42) grams, actually in possession of (42) grams of cocaine found in his residence. Also that he confessed that at the time of the Boykin that he was selling cocaine, which I note today is contradictory to what his wife told us. I'm not saying she's incorrect but obviously her husband said one thing on the record and has told her something different.
>
> I find the defendant is needing, in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution. A lesser sentence than I would give would deprecate the seriousness of his crime, particularly considering the amount and value of the cocaine that he had at the time of the arrest. The offense was a controlled dangerous substance offense and the offender, in his admission of selling cocaine, would have received substantial income and resources from his selling activity of this quantity of cocaine.
>
> As we all know, there's a tremendous amount of damage that are done in our communities, tremendous amount of pain and suffering that are brought upon citizens who become addicted to cocaine and tremendous amount of suffering by their families for victims who become subject to addiction for cocaine, and of course persons who

possess quantities of cocaine and sell quantities of cocaine are responsible for that suffering in our community.

This is his first felony offense and I give him recognition for that.

There is much testimony by his wife of attempts to cooperate with the police but the uncooperativeness of the police in accordance with her testimony and I believe her testimony. Her testimony does show that she and her father went out and attempted to obtain the information so they could be informants to the police as a way to help her husband. I have to note, however, that those efforts which she made and whatever efforts he made in accordance with her testimony did not result in one arrest or one conviction for any drug offenses. Therefore, though the intent may have been good, the result was, the result amounted to nothing because either the officers were not interested in what they could produce or they really didn't produce anything that was of any value to the officers. So, the fact that Mr. Suire asserts through his wife that he attempted to cooperate and the fact that she made some efforts to cooperate, although she was not guilty of any crime, really does not help him as far as sentencing goes. People have good intentions - we can't take away from their sentence 'cause they had good intentions after they committed a crime to help police solve other crimes if they don't help them solve other crimes. So, I take note of that but I don't find that that is persuasive with the Court in considering his sentence.

And as I said it's hard for the Court to sentence someone who is working and supporting his family but of course there are many people who are working, supporting their families who commit crimes that have to be punished because of the crimes they commit. This is a very serious crime and one that the Court knows is a problem for our communities in this modern day. And of course the quantity of cocaine possessed by the defendant in this case indicates to the Court of course an intent to distribute that cocaine.

Considering the trial court's extensive review of the mitigating and aggravating circumstances in the instant case, in addition to the benefit received by the plea bargain, we do not find Defendant's sentence is excessive. Accordingly, Defendant's sentence is affirmed.

**DECREE**

For the foregoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**