STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-144

STATE OF LOUISIANA

VERSUS

BRADY LOUIS VICE, SR.

**********
ON APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 171309,
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********
**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**Edward K. Bauman**
**Attorney at Law**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, Louisiana 70602**
**(337) 491-0570**
**COUNSEL FOR APPELLANT:**
     **BRADY LOUIS VICE, SR.**

**Donald Dale Landry**
**District Attorney**
**Lafayette Parish**
**Kenneth P. Hebert**
**Assistant District Attorney**
**P.O. Box 3306**
**Lafayette, Louisiana 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
**STATE OF LOUISIANA**

**PERRY, Judge.**

In this criminal appeal, Defendant, Brady Louis Vice, Sr., complains of the trial court's order that his sentences for aggravated battery and aggravated second degree battery be served consecutively.[1]  We affirm.

## FACTS AND PROCEDURAL HISTORY

Defendant and the victim, L.R.,[2] both adults, had been romantically involved with each other since November or December of 2015, and they are the parents of a minor daughter, L.V.  Although the relationship between Defendant and L.R. was initially peaceful in the first month or so, shortly thereafter Defendant became physically abusive.

During Defendant's sentencing, L.R. testified as follows about the aggravated battery committed by Defendant against her between August 1, 2016, and August 31, 2016:

> One of the major events that had occurred was when we actually got the house in Youngsville together.
>
> . . . .
>
> So we got in an argument.  He was drinking.  He usually always was drinking. . . .  He brought me into the back bedroom, and we were still arguing there.
>
> . . . .
>
> And from there he grabbed me from behind like this with his arm around my neck, and he squeezed me as hard as he could and threw me into the closet.

---

[1] Defendant's conviction for aggravated second degree battery is the subject of a second appeal which bears docket number 21-143.  In this present appeal, we only address Defendant's contention that the trial court erred in ordering his convictions for aggravated battery and aggravated second degree battery be served consecutively; the trial court's sentencing choice regarding the length of imprisonment has not been assigned as error.

[2] Louisiana Revised Statutes 46:1844(W) prohibits the public disclosure of the names, addresses, or identities of crime victims under the age of eighteen and of all victims of sex offenses, but instead authorizes the use of initials and abbreviations.  In the interest of protecting minor victims and victims of sexual offenses, victims and defendants or witnesses whose names can reveal the victims' identities are referred to only by initials.

. . . .

I thought he had left at that point. He did not. He opened the door and immediately kicked me in the face with his boot.

. . . .

When that occurred my lip busted. I had blood everywhere. I was freaking out. He was freaking out. He was trying to clean me up immediately, trying to get all the blood off of me.

On July 18, 2018, a Lafayette Parish Grand Jury indicted Defendant in docket number 167375 with first degree rape, a violation of La.R.S. 14:42; one count of aggravated battery, a violation of La.R.S. 14:34; four counts of misdemeanor domestic abuse battery, a violation of La.R.S. 14:35.3; four counts of felony simple criminal damage to property over $500, a violation of La.R.S. 14:56; and one count of misdemeanor domestic abuse battery with a child present, a violation of La.R.S. 14:35.3(I).[3] In docket number 171309, Defendant was also charged by bill of information with one count of aggravated battery, a violation of La.R.S. 14:34, and three counts of simple criminal damage to property over $500, a violation of La.R.S. 14:56.

On April 18, 2019, Defendant, represented by trial counsel, filed a written plea of not guilty to all charges. However, on November 6, 2019, Defendant appeared in court with trial counsel, and after being read his rights and found competent, he entered pleas of guilty to the amended charge of aggravated second degree battery in docket number 167375 and aggravated battery in docket number 171309; all other charges were dropped. After accepting Defendant's guilty pleas,

---

[3] This trial court docket number is before us for appellate review under docket number 21-143. We have rendered an opinion today under that docket number, affirming Defendant's conviction for aggravated second degree battery.

2

the trial court ordered a presentence investigation and set the matter for sentencing at a later date.

On September 10, 2020, Defendant was present in court for sentencing. The State called witnesses to offer victim impact statements while the defense filed letters and presented other argument on Defendant's behalf. Thereafter, the trial court sentenced Defendant to fifteen years at hard labor for aggravated second degree battery and three years at hard labor for aggravated battery. As reflected in the court minutes, both sentences were ordered to run consecutively and, in conformity with the written plea agreement, were to be served without benefit of good time diminution of sentence.

On October 13, 2020, Defendant filed a "Motion to Reconsider Sentence" with the trial court. In this motion, Defendant only asserted that his fifteen-year sentence for aggravated second degree battery was unconstitutionally excessive, as the maximum sentence is reserved for the most blameworthy. Defendant claimed that a minimum or midrange sentence would have been more appropriate in this case. Defendant also asserted that the trial court did not properly consider any other mitigating circumstances as provided in La.Code Crim.P. art. 894.1(A)(33). Therefore, Defendant asked the trial court to reconsider the sentences and impose a more appropriate and proportional sentence.

On October 20, 2020, the trial court denied Defendant's "Motion to Reconsider Sentence." Thereafter, on November 13, 2020, the trial court granted Defendant's "Notice of Appeal" and appointed the Louisiana Appellate Project to represent him.

On March 31, 2021, on motion of Defendant's appellate counsel, this court consolidated the immediate appeal with 21-143, for briefing purposes only; thus,

3

counsel filed one brief. Defendant is now before this court asserting one assignment of error that the trial court erred in imposing consecutive sentences.

## ERRORS PATENT REVIEW

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.[4]

## DISCUSSION

In this appeal, Defendant asserts that the trial court erred when it ordered this sentence and that for aggravated second degree battery be served consecutively.

As a preface to our review of Defendant's assignment of error, we have closely examined Defendant's "Motion to Reconsider Sentence" filed in the trial court. Louisiana Code of Criminal Procedure Article 881.1(E) states:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

When a motion for reconsideration is made, La.Code Crim.P. art. 881.1 requires that the defendant include the specific ground upon which the

---

[4] At the end of the sentencing hearing, the State asked the trial court to note for the record that the plea agreement was entered into with the understanding that the State would invoke the provisions of La.R.S. 15:571.3(B)(1)(b), rendering Defendant ineligible for diminution of sentence for good time as described in La.R.S.15:571.3(B)(1)(a). The trial court responded, "So ordered." The minutes of sentencing state, "The court further ordered that the defendant is not entitled to good time as per the plea agreement."

Although we recognize that a trial court has no authority to deny good time eligibility, we do not interpret the trial court's statement as an actual denial of good time eligibility. *See State v. Wright*, 19-456 (La.App. 3 Cir. 12/18/19), 286 So.3d 1176, *writ denied*, 20-262 (La. 7/24/20), 299 So.3d 73. Rather, we find the trial court merely ordered the record to reflect the term of the plea agreement pertaining to good time as it related to the offenses to which Defendant pleaded guilty. Thus, we do not recognize the trial court's statement as an error patent.

4

reconsideration is urged. In *State v. Mims,* 619 So.2d 1059 (La.1993), the court stated:

> [O]ne purpose of the motion to reconsider is to allow the defendant to raise any errors that may have occurred in sentencing while the trial court still has the jurisdiction to change or correct the sentence. The defendant may point out such errors or deficiencies or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing.

If the defendant does not include a specific ground in the motion to reconsider, the appeal is limited to the issue of constitutional excessiveness. *Id.*

In this case, Defendant made a general claim relating to the excessiveness of sentence in his motion for reconsideration and further limited that argument to the fifteen-year sentence he received for aggravated second degree battery. He did not include a specific ground urging any error regarding the consecutive nature of the sentences. Therefore, pursuant to the provisions of La.Code Crim.P. art. 881.1(E) we are precluded from addressing this issue and may only consider whether Defendant's sentence exceeded the maximum provided by statute.

For his conviction for aggravated battery, Defendant was exposed to a potential maximum sentence of a fine of not more than $5,000.00 and imprisonment with or without hard labor for not more than ten years, or both. *See* La.R.S. 14:34. Defendant was sentenced to three years at hard labor.[5] Thus, Defendant's term of imprisonment did not exceed the statutory maximum sentence.

Furthermore, our review of Defendant's brief to this court shows he only slightly mentions the consecutive nature of the trial court's sentencing choice.[6]

---

[5] In addition, the trial court issued a permanent protective order in favor of L.R. and her daughter pursuant to La.R.S. 46:2136 to include Defendant's transfer of firearms.

[6] In one instance, Defendant states that "his sentences [were] ordered to run consecutive[ly] to one another" and asserts that this "amounts to the needless imposition of pain and suffering."

5

Uniform Rules—Courts of Appeal, Rule 2-12.4(B)(4) states, "All assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue which has not been briefed." *See State v. Williams*, 632 So.2d 351, 353 (La.App. 1 Cir. 1993), *writ denied*, 94-1009 (La. 9/2/94), 643 So.2d 139 ("Restatement of an assignment of error in brief is nothing more than a listing of the assignment and certainly does not constitute briefing of the assignment."). In the present case, Defendant has presented no argument in support of his claim that the sentences should not have been ordered to be served consecutively. Therefore, in light of Defendant's failure to present argument in support of his claim, we will not further consider Defendant's claim regarding the consecutive nature of his sentences.

## DISPOSITION

For the foregoing reasons, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

---

Later, in the conclusion of his brief, Defendant states that "there is no reason that the sentences imposed should have been ordered to run consecutive[ly] to one another."