<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 KA 0798

STATE OF LOUISIANA

VERSUS

KEITH TROSCLAIR

*Judgment Rendered:* **MAR 1 3 2023**

* * * * * * * *

Appealed from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Case No. 573126

The Honorable Steven M. Miller, Judge Presiding

* * * * * * * *

Prentice L. White                          Counsel for Defendant/Appellant
Baton Rouge, Louisiana                     Keith Trosclair

Keith Trosclair                            Defendant/Appellant
Angola, Louisiana                          Pro Se

Kristine Russell                           Counsel for Appellee
District Attorney                          State of Louisiana
Joseph S. Soignet
Jason Chatagnier
Assistant District Attorneys
Thibodaux, Louisiana

* * * * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**THERIOT, J.**

The defendant, Keith Trosclair, was charged by grand jury indictment with one count of second degree murder, in violation of La. R.S. 14:30.1.[1] The defendant entered a plea of not guilty and, following a trial by jury, was convicted of the lesser included offense of manslaughter. The trial court denied the defendant's motion for new trial and motion for post-verdict judgment of acquittal, and sentenced the defendant to thirty-five years at hard labor. The defendant now appeals, with appellate counsel raising as its sole assignment of error that the defendant's thirty-five-year sentence is constitutionally excessive. The defendant also filed a *pro se* brief listing ten assignments of error. For the following reasons, we affirm the defendant's conviction and sentence.

## FACTS

On December 5, 2017, officers with the Lafourche Parish Sheriff's Office were notified of a shooting on Highway 20 in the Chackbay area of Thibodaux, Louisiana. Upon arrival, officers observed the defendant kneeling in his yard with his hands in the air, and the deceased, Christopher Saunders, lying face down in the driveway. A 270 rifle was observed on the ground between the defendant and Saunders, and Saunders was observed with a 1911 .45 caliber semiautomatic pistol holstered on his right hip. Further investigation revealed that Saunders was shot three times; once in the back, once in the chest, and once in the back of the right forearm.

At trial, the defendant testified that, prior to the incident, Saunders was walking from his mailbox towards the defendant's property when the defendant made eye contact with Saunders and told him "I saw what [you] done to my

---

[1] The defendant was previously tried and convicted on this charge by a 10-2 jury verdict. On appeal, the defendant's conviction and sentence were vacated pursuant to **Ramos v. Louisiana**, 590 U.S. ----, ----, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), and his case remanded to the district court for retrial. **State v. Trosclair**, 2020-0187 (La. App. 1st Cir. 12/21/20), (unpublished), 2020 WL 7488133, at *3-4.

cousin." The defendant testified that Saunders replied "Mother F***er, I'm going to kill you[,]" at which point the defendant grabbed his rifle from his truck and held it across his body, pointed it off to the side, and told Saunders not to threaten him anymore. The defendant testified that Saunders was heading in his direction and then reached for the pistol holstered at his hip, at which point the defendant fired his rifle three times at Saunders. The defendant then went inside his house, called 911, and returned outside to wait for the police to arrive. Stating that he acted in self-defense, the defendant testified that, given the history of animosity and threats between the two men, he was afraid for his life when Saunders reached for his gun.

## COUNSELED ASSIGNMENT OF ERROR

In his sole counseled assignment of error, the defendant argues that his thirty-five-year sentence is constitutionally excessive based upon his advanced age and the fact that he suffers from a mental disease or defect.

The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence may be within statutory limits, it may still violate a defendant's constitutional right against excessive punishment and is subject to appellate review. **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979); **State v. Honea**, 2018-0018 (La. App. 1st Cir. 12/21/18), 268 So.3d 1117, 1120, writ not considered, 2019-00598 (La. 8/12/19), 279 So.3d 915. A sentence is constitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. **State v. Alexander**, 2021-1346 (La. App. 1st Cir. 7/13/22), 344 So.3d 705, 725. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. **State v. Hurst**, 99-2868 (La.

3

App. 1st Cir. 10/3/00), 797 So.2d 75, 83, writ denied, 2000-3053 (La. 10/5/01), 798 So.2d 962. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. **State v. Lobato**, 603 So.2d 739, 751 (La. 1992).

Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the district court to consider when imposing a sentence. While the entire checklist of 894.1 need not be recited, the record must reflect that the district court adequately considered the criteria. **Alexander**, 344 So.3d at 725. In light of the criteria expressed by Article 894.1, a review of individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. **Id.** Remand is unnecessary when a sufficient factual basis for the sentence is shown. **Id.**

Whoever commits the crime of manslaughter shall be imprisoned for not more than forty years. La. R.S. 14:31(B). In **State v. Hartman**, 2015-1023 (La. App. 1st Cir. 2/17/16), 189 So.3d 458, 460, writ denied, 2016-0588 (La. 3/24/17), 216 So.3d 813, this court considered whether a thirty-five-year sentence was excessive where the defendant was charged with second degree murder and convicted of manslaughter after arguing that she acted in self-defense. There, the defendant argued that the trial court failed to consider, among other things, that the sentence was effectively a life sentence, expert testimony that she was unlikely to reoffend, and evidence that the crime was committed after strong provocation. **Id.** at 466. The trial court noted the defendant's lack of prior criminal history, the volatile relationship between the defendant and the victim, and the traumatic effect of the crime on the victim's children before concluding that the defendant manifested deliberate cruelty to the victim, and that any lesser sentence would deprecate the seriousness of the offense. **Id.** at 467. On appeal, this court affirmed the thirty-five-year sentence, finding that the trial court adequately considered the

4

relevant statutory guidelines, including mitigating and aggravating factors, and that the sentence was not grossly disproportionate to the severity of the offense. **Id.**

In this case, prior to imposing the defendant's thirty-five-year sentence, the trial court considered a victim impact statement from Saunders's mother, as well as a statement from the defendant, statements from several of the defendant's family members, and the defendant's rap sheet showing that he was a first-offender. The trial court then engaged in a thorough discussion of each applicable factor articulated in La. Code Crim. P. art. 894.1.

In aggravation, the trial court found that the defendant's conduct manifested deliberate cruelty when the defendant shot Saunders three times, including once in the back, when damage from any one of the shots would have been sufficient to kill him. Furthermore, the trial court found that the offense resulted in significant permanent injury, the defendant used a dangerous weapon and foreseeably endangered human life by discharging a firearm, and that the defendant was not acting under strong provocation by Saunders where the defendant had the opportunity to retreat into his home and where Saunders never pointed his gun at the defendant. The trial court also considered the defendant's lack of remorse and failure to take accountability for his actions as aggravating factors. In mitigation, the trial court found that the defendant had no prior criminal history and that the defendant's imprisonment would cause hardship to his family members. After the sentence was announced, defense counsel objected to the trial court's findings that there was no provocation and the finding "that the victim did not do anything to bring this onto himself."

The right to appeal a sentence can be preserved by an oral motion to reconsider at the sentencing hearing or, thereafter, by a written motion to reconsider sentence filed within 30 days after the sentencing. La. Code Crim. P. art. 881.1. One purpose of the motion to reconsider is to allow the defendant to

raise any errors that may have occurred in sentencing while the trial judge still has the jurisdiction to change or correct the sentence. **State v. Mims**, 619 So.2d 1059 (La. 1993) (per curiam). Here, the defendant orally objected to the trial court's findings regarding certain sentencing factors during the sentencing hearing, and filed an untimely *pro se* Motion to Reconsider Sentence.

On appeal, the defendant contends that the trial court failed to consider his age and mental condition, alleging that he was in his mid-sixties at the time of trial and was diagnosed with anxiety, depression, and schizophrenia. However, the defendant failed to urge these specific grounds for excessiveness before the trial court and is therefore precluded from raising them for the first time on appeal. See **State v. Leger**, 2016-240 (La. App. 3d Cir. 11/2/16), 2016 WL 6495360, at *3. Furthermore, although these issues were addressed in the defendant's *pro se* Motion to Reconsider Sentence, that motion was untimely. Louisiana Code of Criminal Procedure article 881.1(A)(1) requires a defendant or the State to file a motion to reconsider sentence within thirty days of sentencing unless the trial court sets a longer period of time at the time of sentencing. Here, the defendant did not file his *pro se* motion until almost four months after being sentenced. Since the defendant's motion failed to comply with La. Code Crim. P. art. 881.1, he is precluded from asserting those arguments on appeal. See La. Code Crim P. art. 881.1(E); **State v. Wilson**, 2016-0912 (La. App. 1st Cir. 2/22/17), 2017 WL 716085, at *7, writ denied, 2017-0392 (La. 11/13/17), 229 So.3d 924, writ denied, 2017-0392 (La. 2/23/18), 237 So.3d 1190.

Moreover, the record shows that the trial court specifically found that the defendant's criminal conduct was not the result of circumstances unlikely to recur, regardless of his age. Further, there is very little evidence to support the defendant's contention that he was diagnosed with a mental disease or defect that impaired his perception of Saunders's threat of violence. The defense offered no

6

medical testimony or documentation establishing the defendant's potential mental health diagnoses, or how that may have impacted his perception of Saunders's actions.

A thorough review of the record demonstrates a sufficient factual basis to support the defendant's sentence. As to provocation from the victim, the trial court found, based on the evidence presented at trial, that there was no provocation sufficient to justify the defendant shooting Saunders three times, including once in the back. Describing the defendant as the aggressor, the trial court explained that "[a]ny additional provocation, if it existed, I described before as being this Wild Wild West scene orchestrated by [the defendant] when he stands there with his rifle in front of him[,]" when Saunders never so much as pointed his gun at the defendant. The trial court then reiterated that the defendant knew exactly what he was doing when he committed the offense when, by his own testimony, it took him forty-five seconds to go into his vehicle, get his gun, and shoot Saunders three times.

The trial court engaged in a thorough discussion of the relevant sentencing guidelines, finding both aggravating and mitigating factors. We find that the sentence is not grossly disproportionate to the severity of the offense or shocking to the sense of justice, and is justified by the record. Accordingly, the sentence is not constitutionally excessive and this assignment of error lacks merit.

## PRO SE ASSIGNMENTS OF ERROR

The defendant filed a *pro se* brief in this case. However, without briefing or developing them in any way, the defendant's brief simply listed several questions

regarding alleged trial issues.[2] Pursuant to Rule 2-12.4(B)(4) of the Uniform Rules, Louisiana Courts of Appeal, all specifications or assignments of error must be briefed, and the appellate court may consider as abandoned any specification or assignment of error that has not been briefed. A mere statement of an assigned error in brief without argument or citation of authority does not constitute briefing. See **State v. Jarvis**, 2021-1181 (La. App. 1st Cir. 2/25/22), 340 So.3d 1137, 1141-42.

Thus, we consider the issues listed in the defendant's *pro se* brief abandoned and his assignments of error are without merit. Accordingly, the defendant's conviction and sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**

---

[2] The defendant lists the following as potential issues: not instructing the jury that the defendant's trial was a retrial; not allowing the defendant to have his documents with him on the witness stand during trial; allowing into evidence statements regarding the defendant's mental health; returning physical evidence to the victim's wife prior to retrial; allowing a witness to change his testimony at trial; failure to issue subpoenas; allowing detectives to "stage" the crime scene; not allowing into evidence 911 tapes, police reports, or other documents; allowing the State to introduce evidence of four shell casings found at the crime scene; and ineffective assistance of counsel. Furthermore, we note that as a general rule, a claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court, where a full evidentiary hearing may be conducted under La. Code Crim. P. art. 930. The defendant would have to satisfy the requirements of La. Code Crim. P. art. 924 *et seq.* to receive such a hearing. See **State v. Bishop**, 2010-1840 (La. App. 1st Cir. 6/10/11), 68 So.3d 1197, 1208, writ denied, 2011-1530 (La. 12/16/11), 76 So.3d 1203 n.7.