Judgment rendered September 27, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,265-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

Versus

SEBASTIAN BRASS                       Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 2021555F

Honorable John Clay Hamilton, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Holli Herrle-Castillo

PENNY WISE DOUCIERE                  Counsel for Appellee
District Attorney

CAROLINE E. HEMPHILL
AMANDA M. WILKINS
Assistant District Attorneys

* * * * *

Before STEPHENS, HUNTER, and ELLENDER, JJ.

HUNTER, J., dissents with written reasons.

**STEPHENS, J.**

This criminal appeal arises out of the Fifth Judicial District Court, Parish of Franklin, State of Louisiana, the Honorable John Clay Hamilton, Judge, presiding. Defendant, Sebastian Brass, was charged by bill of indictment with second degree murder, a violation of La. R.S. 14:30.1, and obstruction of justice by tampering with evidence, a violation of La. R.S. 14:130.1. In accordance with a plea agreement, Brass pled guilty to manslaughter and obstruction of justice. The trial court sentenced him to 40 years' imprisonment at hard labor on the manslaughter conviction and 20 years on the obstruction of justice conviction, with the sentences to run consecutively. Brass has appealed, urging excessiveness of his 60-year cumulative sentence. Finding no error, we affirm.

## FACTS/PROCEDURAL HISTORY

On August 24, 2021, Brass stabbed the victim, Kourtney Malone,[1] in the chest with a kitchen knife. Malone died as a result of the injuries inflicted by Brass. After the stabbing, Brass gave the knife to his mother and paid a witness to refrain from speaking to the police. In a statement to officers, Brass admitted to stabbing Malone. He was charged by bill of indictment with second degree murder, a violation of La. R.S. 14:30.1, and obstruction of justice by tampering with evidence, a violation of La. R.S. 14:130.1.

On August 2, 2022, Brass and the State reached a plea agreement whereby he agreed to plead guilty to manslaughter and obstruction of justice, and the State agreed not to charge Brass as a habitual offender.

---

[1] The record contains variations of the spelling of the victim's first name, including "Kourtney," "Kortney," and "Courtney."

Additionally, sentencing was left to the trial court's discretion. At the guilty plea hearing, the State provided the following basis for the plea.[2] On August 24, 2021, Brass committed the manslaughter of Kourtney Malone, and he obstructed justice by providing a witness with "money to leave and also he provided his mother with some knives which she put in her purse."

In the guilty plea colloquy, the trial court determined that Brass had completed the ninth grade and was not under the influence of alcohol or drugs at the time of the plea. The court advised Brass that by pleading guilty, he was waiving his rights to a jury trial, to challenge the State's evidence against him, to confront and cross-examine the witnesses against him, to call witnesses on his own behalf, to testify, to remain silent, and to appeal his conviction. Brass confirmed that he had discussed his case with counsel, and he understood the rights that he was waiving. Brass also acknowledged that he was pleading guilty because he was guilty, not as a result of any threats, duress, or coercion.

The trial court sentenced Brass on October 4, 2022. Prior to imposing sentence, the trial court denied a motion made by Brass's attorney to take judicial notice of and consider as a mitigating factor in sentencing the "level of methamphetamine or other substance based on the serology in the victim's system at the time of his death." The trial court complied with La. C. Cr. P. art. 894.1 by setting forth the factors it considered and noted its consideration of the pre-sentence investigation ("PSI") report, law enforcement reports, and victim impact statements on the record before

---

[2] The Winnsboro Police Department's Investigative Reports and the Franklin Parish Sheriff's Office's Arrest Report were also introduced in support of the factual basis of the plea.

sentencing Brass to 40 years' imprisonment at hard labor on the manslaughter conviction and 20 years' imprisonment at hard labor on the obstruction of justice conviction. The court ordered the sentences to run consecutively under La. C. Cr. P. art. 883, "[b]ased on the detailed criminal history of this defendant and [his] being a fourth felony offender[.]"

Brass has appealed his sentences as unconstitutionally excessive.

**DISCUSSION**

Brass argues that his consecutive sentences are excessive. In this case, not only did the trial court impose the maximum penalty for each conviction, it made the sentences consecutive. According to Brass, the cumulative 60-year sentence is excessive by constitutional standards.

When, as in this case, a defendant fails to make a motion to reconsider sentence, the appellate court's review of the sentence is limited to a bare claim of constitutional excessiveness. La. C. Cr. P. art. 881.1(E)(1); *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Taylor*, 54,876 (La. App. 2 Cir. 1/11/23), 354 So. 3d 1257; *State v. Cooksey*, 53,660 (La. App. 2 Cir. 5/26/21), 316 So. 3d 1284, *writ denied*, 21-00901 (La. 10/12/21), 325 So. 3d 1074; *State v. Flores*, 52,639 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1199, *writ denied*, 19-00877 (La. 11/25/19), 283 So. 3d 496.

A sentence violates La. Const. art. I, §20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1; *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in the light of the harm done to society, it shocks the sense of justice.

3

*State v. Weaver*, 01-0467 (La.1/15/02), 805 So. 2d 166; *State v. Flores*, *supra*.

La. R.S. 14:31(B) provides in part that whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. La. R.S. 130.1(B)(2) provides that whoever commits the crime of obstruction of justice when the obstruction of justice involves a criminal proceeding in which a sentence of imprisonment necessarily at hard labor for any period less than a life sentence may be imposed, the offender may be fined not more than fifty thousand dollars, or imprisoned for not more than twenty years at hard labor, or both.

In sentencing Brass, the trial court made a thorough C. Cr. P. art. 894.1 analysis and noted its consideration of the PSI report, law enforcement reports, and victim impact statements, as well as 34 letters submitted in support of the defendant.

Regarding Brass's criminal history, the trial court noted it included aggravated burglary (2006); possession of cocaine (2008); domestic abuse battery (2014); simple burglary (2014); criminal damage to property (2015); aggravated assault with a knife and simple criminal damage to property (2017); aggravated assault with a knife and crowbar (2018); aggravated battery, aggravated flight from an officer, and battery involving a firearm (2018); aggravated battery/aggravated assault with a box cutter (2019); and aggravated battery (2021).

4

Defense counsel pointed out defendant's medical and psychological issues noted in the PSI report.[3] Brass addressed the trial court and apologized for his conduct, stating, "I'm just sorry everything went on like this. It's nothing much I could really say but when you just read that record out and all those—I don't even really know what to say. I'm sorry."

Statements on behalf of the victim were made by his mother and father. Andria Malone, the mother, expressed her pain and suffering sustained as a result of her son's death. Mrs. Malone related that she had saved Brass's life in the past when "four guys [were] going to kill him[.]" According to Mrs. Malone, "If I knew then that he was going to kill my son, I wish they would have killed him." The father, Monyea Malone, stated that he "helped raise" Brass, "changed his diapers," and "taught him how to ride a bicycle, what to do and what not to do." Mr. Malone stated that he did not hate Brass, but he had no remorse for him.

The specific aggravating factors set forth in La. C. Cr. P. art. 894.1 found applicable by the trial court were: (1) the defendant's conduct in stabbing the victim in the chest manifested deliberate cruelty; (2) the actual violence and severity of the crime which caused the victim's death; (3) the defendant used a dangerous weapon and significant force in committing the offense; (4) the defendant had been placed on probation for similar offenses but had never successfully completed any term of probation; (5) the defendant contemplated that his conduct would cause serious harm or death; (6) there was no indication the defendant acted under strong provocation; (7)

---

[3] The PSI report reflects that, in November 2019, Brass was admitted to a facility following "suicidal ideations and severe depression." He was diagnosed with bipolar disorder and manic depression, for which he was prescribed medication.

5

there were no substantial grounds tending to excuse or justify the defendant's actions; (8) there is no indication the victim induced or facilitated the defendant's actions; (9) there is no possibility the defendant could possibly compensate the victim for his death; (10) the defendant is the father of ten children; however, they will not likely face hardship due to the defendant's incarceration because he was "neither raising nor supporting" the children; and (11) the defendant benefited from the State's agreement to reduce the charge from second degree murder to manslaughter and to dismiss a pending charge of aggravated assault.

The trial court also noted that pursuant to the terms of the plea bargain, the State forfeited its right to charge Brass as a habitual offender. The PSI showed that Brass would have been considered a fourth felony offender and, as such, would have been exposed to the possibility of a life sentence if sentenced as a habitual offender.

In mitigation, the trial court considered Brass's lack of a juvenile record and the number of letters it had received in his support.

Although the 60-year cumulative sentence is harsh, and had this Court been tasked with sentencing the defendant, it may have considered a lesser penalty, it is not this Court's job to nitpick and "woulda, shoulda, coulda" in vain. As set forth above, the trial court gave detailed reasons for imposing the maximum penalties for each offense and for its decision to run the sentences consecutively rather than concurrently.[4] Therefore, we do not find the sentence to be either grossly out of proportion to the seriousness of the

---

[4] Although, in light of the prosecution's agreement to forgo pursuing habitual offender proceedings against Brass, it is somewhat disingenuous for the trial court to nonetheless impose consecutive terms in part in consideration of "his being a fourth felony offender."

offenses or nothing more than a purposeless and needless infliction of pain and suffering. We cannot say that the sentence imposed in the instant case is unconstitutionally excessive.

## CONCLUSION

For the reasons set forth above, the convictions and sentences of the defendant, Sebastian Brass, are affirmed.

AFFIRMED.

**HUNTER, J., dissenting.**

I believe the two maximum sentences of 40 years and 20 years, totaling 60 years' imprisonment, are equivalent to a life sentence, serve no purpose other than to inflict pain and suffering, and make no meaningful contribution to acceptable penal goals. Therefore, the sentences are constitutionally excessive. These offenses arose out of a single course of conduct, and the sentences should have been ordered to be served concurrently. *See*, La. C. Cr. P. art. 883.

Consequently, I respectfully dissent.