Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,453-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

JALEN D. FOSTER                       Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 22CR32693

Honorable Nicholas E. Gasper, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Mary Constance Hanes

CHARLES BLAYLOCK ADAMS                 Counsel for Appellee
District Attorney

RHYS E. BURGESS
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *

Before PITMAN, COX, and ROBINSON, JJ.

**ROBINSON, J.**

Jalen Foster appeals the maximum sentence that he received after pleading guilty to violating La. R.S. 14:95(E) for shooting a man while trying to rob him. Finding that his sentence is not excessive, we affirm his conviction and sentence.

**FACTS**

On August 3, 2022, Foster was charged by bill of information in DeSoto Parish with illegal use of weapons or dangerous instrumentalities during a crime of violence in violation of La. R.S. 14:94(F). An amended bill of information filed on October 20, 2022, charged Foster with illegal use of a firearm or dangerous weapon during a crime of violence or in conjunction with a controlled dangerous substance in violation of La. R.S. 14:95(E).[1] The bill stated the date of the offense was on or about June 2, 2022. The bill of information was again amended the following day to reflect that the date of the offense was on or about December 26, 2021.

On October 24, 2022, Foster pled guilty as charged. As part of the plea agreement, a presentence investigation report ("PSI") was to be provided, and the State agreed not to file a habitual offender bill of information.

A sentencing hearing was held on February 9, 2023. The court began by reciting the basic facts of the crime as being:

> [O]n December 26, 2021, Mr. Foster, along with two other people, went to the Keatchie home of Delmonte Hall. Supposedly, Mr. Hall owed some money to Ms. Asia Thomas. She, Mr. Foster, and another man decided to go to the home of Mr. Hall. When they arrived at his home, Mr. Hall eventually went outside to determine who was there. They were parked in the yard or the driveway or whatever. Mr. Hall eventually went

---

[1] La. R.S 14:95 is titled, "Illegal carrying of weapons."

outside to see who was there. When Mr. Hall got outside - - as he walking outside, Mr. Foster came running from the tree line with gun in hand demand[ing] that Mr. Hall give him everything. Mr. Hall attempted to punch Mr. Foster at that time, and in turn Mr. Foster shot Mr. Hall. Shot him at point blank. Mr. Hall played dead. I don't know all the details about the gun and where the gunshot was or whatever, but it could have been a whole lot worse than what it is. Mr. Hall played dead. And at that time, Mr. Foster began rummaging through his pockets. Then Mr. Foster turned and tried to enter the home, but it appears the other ones said, "Let's get out of here." Mr. Foster never went in the home, but apparently had plans and intentions of doing so.

The court noted Foster's criminal history, which includes guilty pleas to: (1) illegal possession of stolen firearms and illegal possession of stolen things in 2011; (2) simple burglary in 2012; and (3) possession of marijuana, second offense, and possession of a Schedule III drug in 2015. There was also a pending charge in Harrison County, Texas for aggravated assault with a deadly weapon, but Foster stated that that charge had been dropped.

The court then considered Foster's personal history, noting his age of 30 at the time, his family (including two young daughters), his education, and his work history. Reflecting on his criminal history, the court considered that it was not sure how much time Foster had spent out of jail as an adult.

The court noted that the sentencing range for the crime of illegal use of a firearm during a crime of violence was five-ten years. Taking into consideration that Foster had intended to rob his victim and could have killed him, his felony history, and after learning all the facts of the offense, the court's aggravation at itself for allowing Foster to plead guilty to an offense with a maximum sentence of ten years, the court sentenced Foster to the maximum of ten years at hard labor. Foster was ordered to pay the $150 cost of the PSI.

2

**DISCUSSION**

Foster's appellate counsel argues that Foster's maximum sentence of ten years at hard labor is constitutionally excessive. She contends that the circumstances surrounding Foster's discharge of the weapon are not known, and the mere fact a man was shot does not justify the maximum sentence.

La. C. Cr. P. art. 881.2(A)(2) states that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This applies to plea agreements involving both specific sentences and sentencing caps. *State v. Young*, 96-0195 (La. 10/15/96), 680 So. 2d 1171. Thus, as a general matter, sentences imposed in accordance with plea agreements are unreviewable. *State v. Kennon*, 19-00998 (La. 9/1/20), 340 So. 3d 881. There was no agreed-upon sentence in this matter, and Foster did not waive his right to appeal his sentence. Therefore, his sentence is subject to review by this Court.

When a defendant fails to timely file a motion to reconsider sentence, the appellate court's review of the sentence is limited to a bare claim of constitutional excessiveness. *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Benson*, 53,578 (La. App. 2 Cir. 11/10/20), 305 So. 3d 135. Foster did not file a motion to reconsider his sentence.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it

3

shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Bell*, *supra*.

As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Gibson*, 54,400 (La. App. 2 Cir. 5/25/22), 338 So. 3d 1260, *writ denied*, 22-00978 (La. 3/7/23), 356 So. 3d 1053. Foster argues that he is not one of the most egregious or blameworthy of offenders.

Foster significantly reduced his sentencing exposure by pleading guilty. If convicted as originally charged, he faced a sentence of 10-20 years at hard labor. The State also agreed not to file a habitual offender bill of information against him. We also note that the crime of conviction does not accurately describe his conduct of shooting a man while trying to rob him. The imposition of the maximum sentence was not an abuse of the trial court's discretion. Accordingly, we find that the maximum sentence is not shocking to the sense of justice or a needless infliction of pain and suffering. Foster's sentence is affirmed.

4

*Error patent*

Our error patent review reveals that the sentence was not imposed without benefits as required by La. R.S. 14:95(E). A defendant in a criminal case does not have a constitutional right or a statutory right to an illegally lenient sentence. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790; *State v. Burns*, 53,250 (La. App. 2 Cir. 1/15/20), 290 So. 3d 721. An illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This correction may be made despite the failure of either party to raise the issue. *See State v. Williams*, *supra*.

When the trial court fails to order that a sentence be served without benefits as statutorily mandated, the sentence will be automatically served without benefits for the requisite time period. La. R.S. 15:301.1(A); *State v. Dowles*, 54,483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749. Thus, the trial court's failure to declare that Foster's sentence be served without benefits is harmless error and self-correcting.

## CONCLUSION

For the reasons stated hereinabove, AFFIRMED.